ESTELLE J. SMITH *vs.* CHARLES DUNCAN.

Suffolk. March 11, 1902. — May 22, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Evidence*, Admission by silence. *Practice, Civil*, Exceptions.

In an action for being knocked down and run over by a pair of horses of the defendant in charge of a driver in his employ, a police officer may be allowed to testify, that after the accident he told the defendant that the driver had said to him that one of the horses was vicious and had run away before. The defendant fairly might be presumed to know whether the horse was vicious and if he suffered the statement to go uncontradicted the jury would be justified in treating his silence as an admission of what was said.

After a conversation a part of which is admissible has been given in evidence, an exception will not lie to the admission of the conversation as a whole. If the other part of the conversation is inadmissible, the objecting party must ask to have that part of it stricken out.

TORT for injuries from being knocked down and run over by a pair of horses of the defendant, who when left unattended standing across the street with feed bags on, eating their dinners, suddenly ran away and injured the plaintiff. Writ dated October 18, 1898.

At the trial in the Superior Court before *Richardson*, J., the jury returned a verdict for the plaintiff in the sum of $1,750; and the defendant alleged exceptions, stated by the court.

*R. W. Nason*, for the defendant.

*W. A. Morse, J. F. O'Connell & J. R. Chandler*, for the plaintiff, submitted a brief.

MORTON, J. This is an action to recover for personal injuries which the plaintiff received from being knocked down and run over by horses belonging to the defendant and driven by a man in his service. There was a verdict for the plaintiff. Several exceptions were taken by the defendant, but only one has been argued, and we therefore treat the others as waived. The exception that was argued relates to a matter of evidence. A witness, a police officer, called by the plaintiff, was allowed to testify against the defendant's objection to a repetition to the defendant, who arrived shortly after the accident, of a conver-

sation which he had had with the driver of the team. The conversation was, in substance, that he, the driver, was feeding the horses and had taken the bits out of their mouths; that they started to run and he tried to stop them and they got away and ran over the lady; and that he ought not to have taken the bridle off one of the horses because the horse was a vicious horse and had run away before. The driver was called as a witness by the defendant and denied that he made the statements testified to by the police officer, and the defendant also denied that the officer told him that the driver had said the horse was vicious, or that he ought not to have taken the bridle off.

We think that the exception cannot be sustained. It may be fairly presumed that the defendant as owner of the horse knew whether it was vicious or not, and if he suffered the statement that it was vicious to go uncontradicted or unchallenged, and the jury were of opinion that he naturally would have contradicted it if he could, they would be justified in treating his silence as an admission of the truth of what was said. *Greenfield Bank* v. *Crafts*, 2 Allen, 269. *Commonwealth* v. *Funai*, 146 Mass. 570.

As to the rest of the conversation, it is to be observed that the objection, so far as appears, was to the conversation as a whole, and the presiding judge was justified in so treating it. If, after the conversation was in, it appeared that a part of it was admissible, and a part of it was not, the defendant could have moved to have that part of it which was inadmissible stricken out, but so far as appears he did not ask to have that done. It is not necessary therefore to consider whether the rest of the conversation was admissible or not. Even if it was not, the defendant has lost his right to object to it.

*Exceptions overruled.*