COMMONWEALTH *vs.* BLANCHE ANDERSON.

Suffolk. December 3, 1914. — January 11, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Autrefois Acquit. Practice, Criminal,* Dismissal of complaint, Plea in bar, Exceptions. *Evidence,* Of conversation, Admission by conduct.

A plea in bar to a complaint for keeping a common nuisance consisting of a tenement resorted to for prostitution during a period named, setting up under R. L. c. 205, § 6, an alleged acquittal upon the same charge, is not sustained by showing that a previous complaint upon a like charge covering a part of the same period was dismissed without a trial.

In a criminal case a general exception to the admission in evidence of a certain conversation cannot be sustained if a part of the conversation was admissible. If the defendant wishes to except to the admission of a part of the conversation he must state this to the presiding judge, or, after the conversation has been admitted in evidence, he can move to have the part of it which is inadmissible stricken out. An exception to the denial by the judge of a motion to strike out all the testimony relating to the conversation cannot be sustained.

At the trial of a complaint charging the defendant with keeping a common nuisance consisting of a tenement resorted to for prostitution, where there is evidence that certain police officers made statements to the defendant which if believed by the jury had a tendency to prove the offence charged and that the defendant denied these statements, and where it could be found that the defendant's denials were false and tended to show a consciousness of guilt, it is right

for the judge to instruct the jury that, if they find that the statements made by the officers to the defendant were true and that the defendant's answers to them were false, it is for the jury to determine whether such false answers were made because the defendant was conscious of guilt or for some other reason.

CROSBY, J.    The defendant was convicted in the Superior Court upon a complaint charging her with maintaining a common nuisance, to wit, a certain tenement resorted to for the purposes of prostitution between November 1, 1913, and the day of making the complaint, which was January 30, 1914.

1. The defendant filed a plea in bar to the complaint on the ground that she had been previously acquitted of the same charge by the Municipal Court of the City of Boston. The Commonwealth demurred to the plea, the demurrer was sustained and the defendant was ordered to answer over, to which ruling and order she duly excepted and from which she appealed.

The record shows that on January 30, 1914, the defendant was charged in the Municipal Court of the City of Boston with maintaining a common nuisance, to wit, a house of ill fame between July 10, 1913, and January 10, 1914. To this charge she pleaded in bar a former conviction. The Municipal Court sustained the plea and dismissed the complaint on the ground that a portion of the time covered by the complaint was included in a previous complaint upon which she had been convicted.

The order sustaining the plea in bar in the second case does not in any way affect this third complaint, and so the order sustaining the demurrer to the plea in bar was correct.

The fact that this complaint covers a portion of the time included in the second complaint is immaterial. No part of the time covered by the first complaint under which the defendant was convicted is included in this complaint. The record shows that there was no trial of the second complaint upon the facts and merits, and so the acquittal of the defendant upon that charge is no bar to a subsequent prosecution and conviction under the present complaint.

"The effect of dismissing a complaint without a trial is like that of quashing or entering a *nolle prosequi* of an indictment. By neither of these is the defendant acquitted of the offence charged against him, but he is only exempted from liability on that com-.

plaint or indictment." *Commonwealth* v. *Bressant,* 126 Mass. 246. R. L. c. 205, §§ 6, 7.

This conclusion is not at variance with *Commonwealth* v. *Robinson,* 126 Mass. 259, cited on the defendant's brief.

2. The record shows that one Jeremiah J. Riordan, a police sergeant, testified that he had a conversation with two police officers (Prempas and Swanson), in the presence of the defendant; that during the conversation he said to the defendant, "You are still pursuing this line of business; I have cautioned you several times, but you still persist in doing it." He further testified that during the conversation above referred to he said to the defendant: "You still persist in having these girls here; you have been doing business right along since the last time I had you in court; you have not let up a particle."

This witness also testified that he asked Officer Prempas in the defendant's presence, "What have you been doing here?" and that Prempas replied, "I came here with Officer Swanson to have a good time; this defendant opened the door and admitted us; I asked her if she had any girls in the house. . . . She said, 'The girls are out now, but I will have some presently.' She went to the telephone and telephoned a couple of numbers. . . . We sat down in the back parlor and soon two girls came in. . . . As soon as she saw the officer going toward the door, she called on the girls to 'Run, run out of the house; these are police officers.'"

Police officers Prempas and Swanson testified substantially to the conversation as recited by Sergeant Riordan. Sergeant Riordan further testified that the defendant denied each of these and all other statements and also said, "No, there never were any girls in the house." We do not recite all the conversation which Riordan testified took place in the presence of the defendant.

It appears from the bill of exceptions that before the witness Riordan testified as to this conversation the defendant objected "to the introduction of this conversation with the defendant and officers, . . . and the exception was allowed." It also appears that afterwards the defendant moved that the testimony of the witness as to the conversation be stricken out, which motion was denied and the defendant excepted.

It is plain that the evidence as to a part of this conversation was competent. If so, then the defendant's exception to its ad-

mission must be overruled.   If we assume that it was incompetent so far as it was a general accusation of crime which was denied by the defendant, still that did not make the whole conversation incompetent.

We are of opinion that when the defendant said that she did not telephone for girls to come to the house; that she did not send for the girls and did not tell them to run out of the house; and that there never were any girls in the house, these statements of the officer were competent, as they called for some explanation on her part, unless she was prepared to admit the truth of the facts so stated by him.   These statements were not necessarily inconsistent with innocence, but were of such a character that the defendant's denials of them were denials of facts which were relevant to the issue, although they were not a general denial of guilt and could not be so construed.   As a portion of the alleged conversation was clearly admissible, the defendant's exception cannot be sustained. If she desired to except to the admission of specific parts of the conversation, it was her duty so to state to the presiding judge.

If, after the conversation was in, it appeared that a part of it was admissible and a part of it was not, the defendant could have moved to have that part of it which was inadmissible stricken out. She did not ask to have that done, but moved that all the testimony relating to the conversation be stricken out.   That motion could not properly have been allowed.   *Smith* v. *Duncan,* 181 Mass. 435.

The statements made to the defendant were not evidence of the truth of the facts so stated, but were admissible only for the purpose of enabling the jury to consider her answers and to determine whether such answers were true or false.   If the jury found that the statements made by the officer were true and that her answers thereto were false, then it was for the jury to determine whether such false answers were made because she was conscious that she was guilty or for some other reason, and the judge so instructed the jury.

The defendant contends that all that was said to her by the officers amounted to an accusation of crime, namely, that she was the keeper of a house of ill fame; but this contention is not tenable. As we have pointed out, some of the statements made in the presence of the defendant and denied by her were not accusations of

crime, yet if believed by the jury, they had a tendency to prove the crime charged. The jury may have found that the defendant's denials were knowingly false and tended to show a consciousness of guilt. If so, the evidence was admissible. *Commonwealth* v. *Spiropoulos,* 208 Mass. 71. *Commonwealth* v. *Trefethen,* 157 Mass. 180, 197. See *Rex* v. *Christie,* [1914] A. C. 545, 554, 559, 564.

The exception to the admission of the names of the two girls seen by the officers at the defendant's house has not been argued on the defendant's brief and may be treated as waived.

Accordingly the entry must be

*Appeal dismissed.    Exceptions overruled.*

The case was submitted on briefs.

*J. P. Feeney,* for the defendant.

*T. D. Lavelle,* Assistant District Attorney, for the Commonwealth.