E. A. LEAVITT *vs.* ROBERT S. MAYNES.
LIDA K. RICHARDSON *vs.* SAME.

Worcester. October 2, 1917. — October 23, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Evidence,* Of handwriting, To impeach witness, Admissible for limited purpose, Admissions. *Practice, Civil,* Exceptions. *Letter.*

In an action of contract by a physician for compensation for services rendered to the defendant's wife, the defence relied upon was that the defendant was living apart from his wife for justifiable cause consisting of her cruel and abusive

treatment of him, and there was evidence of such treatment. To controvert this the plaintiff called the defendant's wife as a witness, who testified that she found in the mail box at her home two letters addressed to her husband which she opened and showed to him, that he took them, "looked at them and just smiled," would not read them and threw them on the table, and that the witness took them up. The letters were of an incriminating character. The defendant testified that he never had seen them before they were shown to him by his wife, that he knew nothing about them and that they did not come into his possession. The defendant called as a witness a woman whom the defendant's wife had named as having been suspected by her of improper relations with her husband. This woman testified that she did not write the letters, that she never had seen them and did not recognize the handwriting. At the request of the plaintiff's attorney she then wrote on a piece of paper the defendant's address and some further words taken from the letters. These specimens of handwriting were admitted in evidence without objection. The plaintiff then offered the two letters in evidence, and the judge admitted them, subject to a general exception by the defendant. *Held,* that the letters were admitted rightly for the purpose of comparison of handwriting to identify the writer of the letters, and also for the purpose of contradicting the testimony of the woman witness that she did not write the letters and never had seen them.

In the same case it also was *held,* that the contents of the letters were not admissible to show any tacit admission on the part of the defendant of the truth of the statements contained in them, there being no evidence of any act of the defendant that brought about the sending of the letters and he having testified that he did not know of them and would not read them, so that the letters, however clearly the writer of them might be identified, would not warrant in themselves any inference against the defendant.

In the same case it was *held,* that, the defendant not having asked the judge to restrict the effect of the letters to the identity of the handwriting and the impeachment of the witness, his general exception to their admission in evidence could not be sustained, as they were admissible for the purpose of such impeachment by contradiction.

TWO ACTIONS OF CONTRACT, against the same defendant, each on an account annexed, the first by a physician for $30 and the second by a nurse for $40.56, for services rendered to the wife of the defendant for a period of a few weeks before May 1, 1915. Writs in the Central District Court of Worcester dated respectively October 8, 1915; and June 22, 1915.

On appeal to the Superior Court the cases were tried together before *White,* J. The evidence is described in the opinion. The jury returned a verdict for the plaintiff in each case, in the first case in the sum of $32.14 and in the second case in the sum of $44.35. The defendant alleged exceptions to the admission in evidence of two letters, which the plaintiff asserted were written by Mrs. Mason, mentioned in the opinion.

The cases were submitted on briefs.

*F. B. Hall & E. L. Anderson,* for the defendant.

*F. W. Morrison & H. Davenport,* for the plaintiffs.

PIERCE, J. These were two independent actions of contract to recover on accounts annexed, in the case of the plaintiff Leavitt for services as physician and in the case of the plaintiff Richardson for services as nurse, which services were rendered to the wife of the defendant for a period between December, 1914, and September, 1915.

The defendant denied that he was liable for the two accounts declared on by the plaintiffs, because he was living apart from his wife for justifiable cause, to wit: her cruel and abusive treatment. There was testimony by the defendant and various witnesses in his behalf, that Mrs. Maynes was guilty of certain acts of cruel and abusive treatment and threats to poison and shoot the defendant Maynes, and also to kill his three children by a former wife. There was testimony in behalf of the plaintiffs, who called as a witness Mrs. Maynes, the defendant's wife, denying the acts of cruelty and the attempts to poison and said attempts of personal injury.

"In the course of the trial Mrs. Maynes, further testifying for the plaintiffs, said that her husband was acquainted with another woman by the name of Mason and that she had suspicions about their relations." Mrs. Maynes was asked by the plaintiffs' counsel as to two letters "which were of an incriminating nature against the defendant Maynes" and which were addressed as follows:

> "Mr. Rob Maynes,
>       140 Maywood Street,
>            Worcester."

Concerning these letters Mrs. Maynes testified: "The mailman left them in the box at my home. . . . I always opened Mr. Maynes's letters. . . . He always knew I opened those because I showed them to him. . . . He just laughed and asked what I was going to do about it, and used profane language. . . . He didn't deny them. He didn't give me any satisfaction. . . . I handed him the letters. . . . He took them and looked at them and just smiled. He wouldn't read them. He asked what in h—— I was going to do about them and threw them on the table." To the question, "You took them up?" she answered, "Yes."

The defendant testified that he never had seen the letters in

question until they were shown to him by his wife; that he knew nothing about them and that they did not come into his possession. Mrs. Mason, the lady referred to by Mrs. Maynes as the "Mason woman," testified for the defendant that she did not write the letters in question, had never seen them, and did not recognize the handwriting. She also gave other testimony in support of the defendant's contention. At the request of the plaintiffs' attorney she wrote on a blank piece of paper the following words:

"Mr. Rob Maynes,
140 Maywood Street,
Worcester."

"Just a note."   "I haven't got time."

These specimens of Mrs. Mason's handwriting were admitted in evidence without objection. The plaintiffs then offered in evidence the letters in question. They were admitted by the judge and the defendant excepted generally.

These letters were admitted rightly to enable the jury to determine the identity of the writer of the letters — a fact in dispute, by comparing the handwriting of the letters with the handwriting of the undisputed specimens of Mrs. Mason's writing; as also, in contradiction of Mrs. Mason's testimony that she did not write the letters and had never seen them. It is further to be observed that the weight to be given her testimony in this regard was of importance in the consideration of the value to be put upon her other testimony in support of the defendant's contention.

The contents of the letters "which were of an incriminating nature" were not tacit admissions by the defendant of the truth of their statements. There was no evidence that any act of the defendant brought about the sending of the letters or that he knew of them. Indeed, the evidence is explicit that he did not know of them and "wouldn't read them." The letters, however properly identified, would not of themselves authorize any inference against the defendant. *Commonwealth* v. *Eastman*, 1 Cush. 189, 215. *Fearing* v. *Kimball*, 4 Allen, 125, 128. *Jennings* v. *Wall*, 217 Mass. 278, 282. "*A fortiori*, a letter addressed to a person which he has not read cannot be admitted to affect him in any way." Bigelow, C. J., in *Commonwealth* v. *Edgerly*, 10 Allen, 184, 187.

But the defendant should have asked to have the evidence re-

stricted to the impeachment of the testimony of Mrs. Mason. Not having done so, it does not appear that he was legally prejudiced. *Smith* v. *Duncan,* 181 Mass. 435. *McGonigle* v. *Belleisle,* 186 Mass. 310, 312. *Commonwealth* v. *Anderson,* 220 Mass. 142, 145. *Shea* v. *American Hide & Leather Co.* 221 Mass. 282. *McCue* v. *Boston Elevated Railway,* 221 Mass. 432.

*Exceptions overruled.*