ARTHUR H. VINAL *vs.* INHABITANTS OF NAHANT.

Suffolk. January 13, 1919. — March 4, 1919.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & CARROLL, JJ.

*Contract,* What constitutes, Performance and breach. *Municipal Corporations. Public Officers. Evidence,* Records of public officers, Town records. *Practice, Civil,* Exceptions. *Words,* "Changes."

The warrant for a town meeting contained an article as follows: "To see if the Town will accept plans for a new fireproof Town Hall Building substantially as drawn by Arthur H. Vinal, architect, which embodies the ideas of D. G. Finnerty and others presented to the Town by him at this meeting, to appropriate the sum of $72,000 for the construction of such fireproof Town Hall." Under this article the town at the meeting passed the following resolve: "Resolved that a new fireproof Town Hall be built at a cost for the completed building of not over $75,000, and that the Finnerty plan for such a building be adopted." *Held,* that the article of the warrant and the resolve under it did not constitute a contract between the town and the architect.

At the same town meeting under the same article of the warrant a vote was passed providing for a building committee with power, among other things, to advertise for bids for the erection of the town hall and to supervise its construction. The building committee appointed under this vote after negotiations received from the architect a letter, the terms of which they accepted, which contained the following material clauses: "I agree that I will proceed and complete the plans of the Town Hall Building as submitted to and voted for by the Town of Nahant at the Town Meeting of March 18, it being understood that the Committee shall have the right to make such changes in the plans as will not materially increase the cost of construction, and as may be agreed upon between us. . . . If upon advertising for bids no bids are received from builders who are satisfactory to the Committee, which will enable your Committee to build the building complete, including architect's commissions, within the limit set by the Town, namely, $75,000, I will not hold the Town of Nahant nor the Committee legally responsible for the work done by me. . . . The true intent and meaning of this letter is that it is my desire and wish to co-operate in every way possible with your Committee and erect a building that will be a credit to your Town, your Committee and myself." Of the bids received by the committee there was only one which would enable the committee to build the town hall complete, including the architect's commissions, within the limits of $75,000 and that bid was made by a builder who was not satisfactory to the committee and the bid was rejected by the committee acting reasonably and in good faith. In an action by the architect against the town for the alleged breach by the town of the contract with him, the trial judge found for the defendant. *Held,* that the plaintiff was entitled to recover only in accordance with the terms of the contract stated in his letter, and that the finding of the judge was warranted.

In the action above described it appeared that detailed plans for the building were prepared by the plaintiff and were submitted to the committee, and that the plans were satisfactory to the committee except in certain matters relating to the roof, to the nature of the flooring and to the presence of supporting columns in the fire engine room and the gymnasuim, which the committee insisted on having changed. The trial judge ruled that the burden was on the defendant to show that the changes which the committee made did not increase materially the cost of the building and were mutually agreed upon. It appeared that changes were made in the roof which increased the cost of the building to a material amount. It might have been found, however, that these changes in the roof were required by the committee in order that the building might be "fireproof" and thus conform to the requirement of the vote of the town upon that point. It also might have been found on the evidence that all the changes in the detailed plans as presented to the committee by the plaintiff were agreed to by the plaintiff and that, so far as these changes related to the roof, they were made by the plaintiff in order to render the building conformable to the requirement of the vote of the town that it be "fireproof," and that the other change, which eliminated the columns, did not increase the expense by more than $1,000. If these findings were made, it also could have been found that the cost of the building according to the plaintiff's plans was not modified materially with respect to the question whether it could have been constructed within the amount of $75,000 fixed by the vote of the town. Held, that the general finding of the trial judge for the defendant necessarily included all of the warranted findings stated above.

In the same case it was pointed out that there was no evidence to the effect that any bid was received from a general contractor deemed responsible by the committee which would have permitted the cost of the building to be within the amount specified in the resolve of the town.

In the same case it was held that the words in the vote of the town, "at a cost for the completed building of not over $75,000," comprehended all the elements of expense connected with the construction of the building and by necessary implication included the architect's commission.

In the same case it was held that it could not have been ruled as matter of law that the plaintiff was entitled to an opportunity to modify his plans so that the cost of the building might be brought within the specified amount, it being an express term of his contract that his right to receive compensation should depend on the bids received after advertisement, and that, if each of these exceeded $75,000, he was not entitled to recover.

In the same case it was pointed out that, in view of the terms of the plaintiff's contract, the question whether the bids were reasonably near to the cost specified in the vote did not arise.

In the same case it also was pointed out that no question could arise as to the reasonableness of the changes made by the committee in the light of the subsidiary finding, included in the general finding for the defendant, to the effect that the plaintiff agreed to them all.

In the same case it appeared that a new committee, although identical with a single exception with the committee that made the contract with the plaintiff, afterwards built a town hall according to other plans and there was evidence that this committee gave the new architect an opportunity to revise his plans after bids were received. Held, that this evidence had no bearing on the rights of the

plaintiff, which depended on the terms of his own contract, and also could have no bearing on the good faith of the former committee, if that was material under the issues raised.

In the same case it was *held* that, the members of the building committee being public officers, their records were admissible in evidence to show their transactions with the plaintiff.

In the same case it was *held* that the town records were competent to show the authority conferred upon the building committee and also to show the conduct of the town in regard to the plaintiff's plans and its liability to him after accepting the report of the committee.

In the same case it was *pointed out*, that, if some parts of the records of the committee or of the town ought to have been excluded, the plaintiff should have called special attention to those parts and have asked to have them stricken out, and that his general exception to the records put in evidence could not be sustained.

CONTRACT by an architect against the town of Nahant to recover the sum of $4,200, being the amount claimed as a commission at the rate of six per cent upon an estimate of $70,000 for the erection of a town hall for the defendant under a vote of the town passed on March 18, 1911, to erect a town hall at a cost not to exceed $75,000 according to plans and designs submitted by the plaintiff and under a contract made in pursuance of such vote, of which the plaintiff was deprived by reason of the alleged breach of the contract by the defendant. Writ dated February 20, 1913.

In the Superior Court the case was tried before *Hitchcock, J.,* without a jury. The evidence is described in the opinion, where also the exceptions relative to the admission and exclusion of evidence are stated. At the close of the evidence the plaintiff asked the judge to make the following rulings, and also two other rulings hereinafter stated which were made by the judge:

"1. Upon all the evidence the plaintiff is entitled to recover.

"2. The submission of plans and the vote of the town to adopt them constituted a completed contract between the plaintiff and the defendant.

"3. The building committee was not charged with the duty of employing an architect. Under the vote of the town it had no duties other than those delegated to it, and its powers were only those necessary to the performance of the duties entrusted to it.

"4. The committee had no power to require the plaintiff to sign the letter of April 17, 1911.'

"5. The act of the committee in requiring the plaintiff to sign the letter of April 17, 1911, is null and void.

"6. There is no consideration for the undertaking of the plaintiff set forth in the letter of April 17, 1911, and the existing agreement between the plaintiff and the defendant was in no way affected by said letter.

"7. The words in the vote of the town, 'at a cost for the completed building of not over $75,000,' do not include the architect's commission.

"8. The committee had no power to require changes in the plan which increased the cost of construction.

"9. If the plaintiff designed a building which could be erected at a cost reasonably near the sum of $75,000, he is entitled to his commission.

"10. If the plaintiff designed a building and the estimates when obtained therefor were slightly in excess of the amount voted by the town, the plaintiff was entitled to an opportunity to make slight changes in the plans and specifications if he could thereby reduce the cost of the building without materially changing its character.

"11. If the plaintiff could have made slight changes in the building which would not have affected its character and thereby have brought the cost, including the commissions, down to the amount voted by the town, he is entitled to recover his commission."

"13. If the bids which were procured upon the plans and specifications as finally submitted were reasonably near the amount fixed by the town, the plaintiff may recover.

"14. If the plans and specifications as finally submitted could have been simplified without materially changing the character of the building, the plaintiff was entitled to an opportunity to attempt to modify the plans and specifications.

"15. If the court finds that he could have brought the cost down to the sum of $75,000, including his commission, and was given no opportunity so to do, he is entitled to recover from the defendant.

"16. If the bids procured upon the plans and specifications as they were changed by the committee were in excess of $75,000, the plaintiff was entitled to have had bids procured upon the plans and specifications originally submitted by him, and, if the

building could have been erected from these plans and specifications at a cost not to exceed $75,000, the plaintiff is entitled to recover."

"18. The vote passed by the town at the town meeting in August, 1911, in no way affects the rights of the plaintiff unless it be in the matter of damages."

The judge refused to make any of these rulings. He, however, made the following rulings which were requested by the plaintiff:

"12. If the plaintiff is bound by the letter of April 17, 1911, then the burden is upon the defendant to show that the changes which the committee made did not materially increase the cost and were mutually agreed upon."

"17. The words, 'are satisfactory to the committee,' in the letter of the plaintiff mean bidders who would be 'satisfactory to reasonable men acting reasonably.'"

At the request of the defendant the judge made the following findings of fact:

"1. The defendant did not agree to pay the plaintiff a fee of six per cent of the cost of the town hall, said cost not to exceed the sum of $75,000.

"2. The plaintiff signed the letter of April 17, 1911, addressed to the town hall building committee."

"5. The building company which submitted a bid on the general contract for the town hall at a figure which would have enabled the committee to construct the town hall at a cost not exceeding $75,000 was not satisfactory to the committee.

"6. The committee acted reasonably in determining that the lowest bidder on the general contract for the town hall was not satisfactory to it.

"7. In deciding that the building company submitting the lowest bid for the general contract for the town hall was not satisfactory to it [the building committee], did not act wilfully and without excuse or dishonestly and in bad faith.

"8. The building committee, as such, did decide that the building company submitting the lowest bid was not satisfactory to it.

"9. Unless the lowest bid submitted for the general contract had been accepted by the building committee, no bids were submitted which would have enabled the building committee to have constructed a fireproof town hall at a cost not exceeding $75,000."

In regard to the following findings of fact which the judge was requested to make by the defendant, the judge found that they "were so considered by the committee":

"3. The building company which bid on the plaintiff's plans and specifications at a figure which would have enabled the committee to build the town hall at a cost not exceeding $75,000 was not a responsible, competent builder.

"4. The building company which bid on the plaintiff's plans and specifications at a figure which would have enabled the committee to build the town hall at a cost not exceeding $75,000 was not a responsible, competent builder, even if that building company had been able to procure a satisfactory bond."

The judge made the following rulings of law requested by the defendant, adding to the tenth the words enclosed in brackets:

"1. On all the evidence the plaintiff cannot recover as a matter of law.

"2. The plaintiff's right to recover depends upon the written agreement made by him with the committee April 17, 1911, and the plaintiff has no rights except under the terms of that written agreement.

"3. Said written agreement of April 17, 1911, in the form of a letter signed by the plaintiff, was made by the plaintiff upon due consideration.

"4. If the building company submitting the lowest bid for the general contract for the town hall was not satisfactory to the building committee, then the plaintiff cannot recover.

"5. If the building company submitting the lowest bid for the general contract for the town hall was not a responsible, capable builder, then the building committee was justified in deciding that this building company was not satisfactory and the plaintiff cannot recover.

"6. If the building company submitting the lowest bid for the general contract for the town hall was not a responsible, capable builder, then the building committee was justified in finding that bidder unsatisfactory, even if the builder had been able to furnish a proper bond; and under these circumstances the plaintiff cannot recover.

"7. Under the written agreement of April 17, 1911, the committee were justified in determining that the building company

submitting the lowest bid was not satisfactory provided they had any reasonable ground for coming to their decision.

"8. Under the written agreement of April 17, 1911, the building committee was justified in determining that the building company submitting the lowest bid for the general contract for the town hall, was not satisfactory provided in coming to their decision the building committee acted in good faith.

"9. Under the written contract of April 17, 1911, the building committee were justified in finding that the building company submitting the lowest bid for the general contract for the town hall, was not satisfactory provided the building committee did not act wilfully and without excuse or did not act dishonestly and in bad faith.

"10. The building committee could act by a majority vote at any meeting of the committee [at which all members were present or had received notice.]"

The judge made the following "memorandum of findings of fact on controverted matters":

"1. The vote of the town at the town meeting held on March 18 did not constitute any contract between the plaintiff and the defendant.

"2. The building committee appointed at the town meeting held on March 18 was authorized to do, in behalf of the defendant, whatever was necessary to be done to build a town hall building in accordance with the Finnerty plan, at a cost for the completed building of not over $75,000, and this would include the employment of an architect to prepare and furnish necessary plans.

"3. The building committee employed the plaintiff as such architect, the terms of such employment being stated in a letter, signed by the plaintiff dated April 17, 1911.

"4. The plaintiff prepared plans and specifications, to the satisfaction of the committee, and under the direction of the committee advertised for bids.

"5. Of the bids received there was only one for general contract work which would enable the committee to build the building complete, including the architect's commissions, within the limit of $75,000. That bid was made by the Shawmut Construction Company, a builder which was not satisfactory to the committee, and was rejected by the committee, acting in good

faith and reasonably, and not wilfully, dishonestly or without excuse."

The judge made a general finding for the defendant; and the plaintiff alleged exceptions.

*A. T. Johnson,* for the plaintiff.

*R. H. Wiswall,* for the defendant.

RUGG, C. J. This case was tried before a judge of the Superior Court without a jury. He found certain facts, granted and refused divers requests for rulings of law, subject to exception, and made a general finding for the defendant. There is a full report of the evidence. The findings of fact made by the court below are not open to revision in this court. The general finding for the defendant imports a finding of all the incidental facts essential to that conclusion. The correctness of rulings and decisions in matters of law to which exceptions were saved alone is open here. *Schendel* v. *Stevenson,* 153 Mass. 351, 354. *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 3.

The action is in contract to recover for services rendered by the plaintiff as architect of a proposed new town hall for the defendant. The plaintiff's interest was first enlisted by one Finnerty, a citizen of the defendant town then without official station, at whose request he prepared preliminary plans. As a result an article was inserted in a warrant for a town meeting of the defendant, which, so far as material, was of this tenor: "To see if the Town will accept plans for a new fireproof Town Hall Building substantially as drawn by Arthur H. Vinal, architect, which embodies the ideas of D. G. Finnerty and others presented to the Town by him at this meeting, to appropriate the sum of $72,000 for the construction of such fireproof Town Hall."

Under this article it was "Resolved that a new fireproof Town Hall be built at a cost for the completed building of not over $75,000, and that the Finnerty plan for such a building be adopted."

This article and resolution did not constitute a contract between the plaintiff and the defendant. No proposition had been made by the plaintiff. He had prepared at the request of a private citizen of the town a study or plan showing the exterior, a plan for the basement, for the first story and for the second story, and a perspective. These were merely preliminary and

incomplete. The reference to the plaintiff in the article in the warrant was simply to identify the sketches and not to state an offer or embody a proposal. It is bare of any indication of conditions upon which the plaintiff was willing to be employed. The vote is equally devoid of any expression of the terms of an agreement or of any indication of concluded bargain. No obligations were set forth and no duties were stated. The adoption of the plan sketched by him was no more than an initiatory step, signifying an intention. Whether that intention would ripen into a meeting of minds between the parties upon the essential features of a contract rested wholly upon the uncertainties of the future. The case upon this point is within the authority of *Benton* v. *Springfield Young Men's Christian Association,* 170 Mass. 534, and *Salvation Army of Massachusetts, Inc.* v. *E. K. Wilcox Post G. A. R.* 225 Mass. 136, and cases collected at page 138. Whatever might be the effect of this vote in restricting the power of a committee to change the plans, or restraining its members in their own conduct, it did not bind the town to the plaintiff.

A further vote under the same article was passed by the town, providing for a building committee with power among other matters to advertise for bids for the erection of the town hall and to supervise the construction of the same. This vote authorized the doing of whatever subsidiary acts were reasonably necessary to carry out the main resolution. It implied power to employ an architect to prepare detailed plans and specifications for the erection of a town hall in substantial accordance with the preliminary drawings of the plaintiff, but subject to the definite conditions set forth in the resolution. That resolution is to be interpreted with reference to the general potentialities and specific limitations of a municipality under our laws. A town is a governmental subdivision. It possesses only the powers conferred upon it by law. Restrictions expressed by its vote, therefore, are to be treated as strict limitations upon the powers of its officers and agents. The resolution in question had three such restrictions. The first related to the character of the building. It was to be a "fireproof Town Hall." The second concerned the cost of the "completed building" and specified that it should be "not over $75,000." The third adopted the "Finnerty" or the plaintiff's plan. In the present connection it only is necessary

to consider the matter of cost. Under all the circumstances here disclosed the words of the resolution constitute a fixed maximum within which must be comprehended all the elements of expense connected with the construction of the building. By necessary implication this includes the architect's fees if one were employed. The cost of the completed town hall included all items essential to it as a finished structure, and was restricted to the specified amount. In this respect the vote of the town is distinguishable from that involved in *Shea* v. *Milford,* 145 Mass. 528. Confessedly the committee could not have performed their duties without the aid of an architect. At any rate, the question whether such employment was necessary was a question of fact as to which the finding of the court was in favor of the plaintiff. *Upjohn* v. *Taunton,* 6 Cush. 310.

The committee therefore were empowered to enter into negotiations with the plaintiff and to conclude a contract with him within the bounds set by the resolution. After some discussion and communications looking toward a different agreement, the committee finally received a letter from the plaintiff which, being accepted by them, embodied the arrangement between the parties. The salient clauses of that letter, so far as now material, are these: "I agree that I will proceed and complete the plans of the Town Hall Building as submitted to and as voted for by the Town of Nahant at the Town Meeting of March 18, it being understood that the Committee shall have the right to make such changes in the plans as will not materially increase the cost of construction, and as may be agreed upon between us. . . . If upon advertising for bids no bids are received from builders who are satisfactory to the Committee, which will enable your Committee to build the building complete, including architect's commissions, within the limit set by the Town, namely, $75,000, I will not hold the Town of Nahant nor the Committee legally responsible for the work done by me. . . . The true intent and meaning of this letter is that it is my desire and wish to co-operate in every way possible with your Committee and erect a building that will be a credit to your Town, your Committee and myself." The rights of the parties must be determined according to the meaning of this letter. The court ruled correctly that the plaintiff had no ground for recovery except according to its terms.

Pursuant to its provisions, detailed plans were prepared by the plaintiff and submitted to the committee. While satisfactory in the main, there were certain features which the committee insisted upon having changed. These related to the character of the roof and the nature of the flooring and the presence of supporting columns in the fire engine room and gymnasium. The judge instructed himself as matter of law, as requested by the plaintiff, that the burden was on the defendant to show that the changes which the committee made did not materially increase the cost of the building and were mutually agreed upon. Changes were made in the roof, which increased the cost of the building to a material amount. These changes, however, might have been found to have been required by the committee in order that the building might be "fireproof" and thus conform to the underlying mandate of the vote of the town upon that point. If this were found to be so (as is imported by the general finding for the defendant), then it would follow that such changes did not come within the purview of the word "changes" in the contract between the plaintiff and the committee, but were changes agreed upon in order that the building should be such a building as was described in the vote of the town, that vote being imperative and binding both upon the plaintiff and the committee. On the evidence, which was somewhat conflicting, it might have been found that all changes in the detailed plans as presented to the committee by the plaintiff were agreed upon by the latter; that so far as these changes related to the roof they were made by the plaintiff in order to render the building conformable to the requirement of the vote of the town that it be "fireproof;" and that the other change eliminating the posts did not increase the expense by more than $1,000. Testimony as to other changes and increases of costs may not have been given credence by the court. If these were found to be the facts, then it could also have been found that the cost, so far as concerned the cost of the building according to the plaintiff's plans, was not modified materially with respect to the point whether it could have been constructed within the amount, fixed as the maximum limit of cost, by the vote of the town. There was no evidence to the effect that any bid was received from a general contractor deemed responsible by the committee (whose reasonable judgment was

to be satisfied in this particular under the contract between the plaintiff and defendant), which together with bids for other parts of the work, would have permitted the cost of the building to be within the amount specified in the resolution of the town.

It could not have been ruled as matter of law that the plaintiff was entitled to an opportunity to modify his plans to the end that the cost of the building might be brought within the specified amount. It was an express term of his contract with the defendant that the test of his right to receive compensation should be bids received after advertisement. If these exceeded the $75,000, he was not entitled to recover.

The question whether the bids were reasonably near to the cost specified in the vote is immaterial in view of the terms of the plaintiff's contract.

The reasonableness of the changes made by the committee was irrelevant in view of the subsidiary finding included within the general finding for the defendant to the effect that the plaintiff agreed to them all.

The conduct of the new committee, which subsequently built a town hall according to other plans, although identical with a single exception with the committee here concerned with the plaintiff, with reference to giving another architect opportunity to revise his plans after bids were received, had no bearing upon the rights of the plaintiff. He must stand or fall on his own written contract. There is nothing to show the terms of the contract with the subsequent architect; and manifestly the offered evidence had no bearing on the good faith of the old committee so far as that was material under the issues raised.

The records of the committee were admitted in evidence rightly. They were public officers and their transactions with the plaintiff and the changes directed by them in the plans were properly shown by their records. *Hayward* v. *Pilgrim Society*, 21 Pick. 270, 277. These were quite different from the records excluded in *Old South Society* v. *Wainright*, 156 Mass. 115, which were self-serving statements.

The records of the town were competent as showing the extent of the authority conferred upon the committee, their right to contract with the plaintiff and the conduct of the town respecting

the plaintiff's plans and the liability to him after accepting the report of the committee.

Even if some parts of the records of the committee and of the town ought to have been excluded, the plaintiff should have called special attention to them and have asked to have them stricken out. Having failed to do so, his general exception cannot be sustained. *Leavitt* v. *Maynes*, 228 Mass. 350, 354, and cases there collected.

All of the exceptions which have been argued have been considered carefully, but they do not require further discussion. It follows that there was no error in the granting or denial of any of the requests for rulings or in the exclusion or admission of testimony.

*Exceptions overruled.*