MASSACHUSETTS BIOGRAPHICAL SOCIETY *vs.* HARRY C. HOWARD.

Suffolk.    November 17, 18, 1919. — January 9, 1920.

Present: RUGG, C. J., DE COURCY, PIERCE, & JENNEY, JJ.

*Contract,* What constitutes, In writing.  *Evidence,* Extrinsic affecting writings, Letter, Presumptions and burden of proof, Inference.

At the trial of an action upon a contract in writing, evidence is admissible tending to show that, although the defendant executed and delivered the contract to the plaintiff, it was with the oral understanding that it should not take effect as a contract unless and until the defendant later should notify the plaintiff that he wanted it to do so.

At the trial of an action upon a contract in writing relating to a portrait of the defendant to be published in a work of the plaintiff, it appeared that the de-

fendant executed and delivered the contract to the plaintiff with an oral understanding that it should not take effect unless and until he notified the plaintiff "whether or no" he wanted the contract performed, and the defendant testified that the plaintiff's solicitor directed him to send his notice to one E, that on a certain day he directed and mailed, postage prepaid, and directed to "E, Editor in Chief" of the published work, at the address given by the agent, a notice that he did not want the work. A copy of this notice, the plaintiff not producing the original after notice, was admitted in evidence subject to a general exception by the plaintiff. *Held,* that the exception must be overruled, because the evidence was admissible to prove that the defendant gave notice to the plaintiff as he had agreed to, an inference being warranted that it was delivered to the plaintiff.

CONTRACT for $250 alleged to be due under the contract in writing described in the opinion. Writ dated January 18, 1915.

In the Superior Court, the action was tried before *Lawton,* J. The evidence relating to the notice sent to the plaintiff by the defendant was as follows: The defendant testified that, when the plaintiff's solicitor made upon the agreement the indorsement described in the opinion, he handed to the defendant the address of one Eliot, whose full name the defendant did not remember, and told the defendant to notify that person whether the defendant would take the book on that date; that on September 23, 1914, the defendant dictated and addressed to "Mr. Eliot, Editor-in-Chief of the Massachusetts Biographical Society at Boston," and mailed, postage prepaid, a letter. The plaintiff having been duly notified to produce the original of this letter and failing to do so, the defendant offered a copy of it in evidence, and the judge admitted it subject to an exception by the plaintiff. The copy read as follows:

"Dr. Samuel S. Eliot,

    Boston, Mass.

Dear Sir: —

In compliance with my agreement with Mr. Gould I am writing to you this morning and I wish to state that it will be absolutely impossible for me to go into your Biographical History of Massachusetts. Certain business matters have arisen to prevent my taking on any further obligations. It was the understanding that I should let you know. Mr. Gould received the photos and so forth. Please go to no further expense in this matter.

                Very truly yours,

                        Harry C. Howard."

Other material evidence is described in the opinion. At the close of the evidence, the plaintiff asked for the following rulings:

"1. If the defendant signed the paper [described in the opinion] and delivered it to the plaintiff's agent with intent to have it operate as a contract and at the same time the plaintiff by its agent made a promise, express or implied, to do the things the plaintiff was authorized in said paper to do, the defendant became bound to pay the plaintiff $250 without previous performance by the plaintiff of its agreement to publish the sketch and portrait."

"3. If the defendant signed the paper [described in the opinion], and delivered it to the plaintiff's agent to be delivered to the plaintiff without modification, and at the same time the plaintiff by its agent expressly or impliedly promised to do the things the plaintiff was in said paper authorized to do, the defendant became bound to pay the plaintiff $250.

"4. If after the defendant and the plaintiff's agent had discussed the term of a proposed contract in the form [described in the opinion] the defendant signed [it and its duplicate original and gave the original without the agent's indorsement] to the plaintiff's agent for immediate delivery to the plaintiff and retained [the other original] after the plaintiff's agent had written thereon the words, 'On September 23rd, 1914, Mayor Howard is to have option of time for payment of this contract, Massachusetts Biographical Society, E. F. Gould,' after having read said words and with the intention to be bound by the same, and the plaintiff by its agent at that time expressly or impliedly promised to do the things the defendant [plaintiff?] was in the original retained by him authorized to do, the defendant became bound to pay the plaintiff $250 within a reasonable time.

"5. If the defendant signed the paper [described in the opinion] and delivered it to the plaintiff's attorney with intent to have it operate as a contract and the plaintiff did the things the plaintiff was authorized in said paper to do, the defendant became bound to pay the plaintiff $250."

The rulings were refused. The jury found for the defendant; and the plaintiff alleged exceptions.

*F. L. Norton,* for the plaintiff.

*W. M. Wilbar,* for the defendant, submitted a brief.

PIERCE, J.   It appears in evidence that the defendant on September 17, 1914, signed and delivered to a solicitor of the plaintiff, authorized to make contracts, an instrument which reads as follows:

"Biographical History of Massachusetts.

"Massachusetts Edition United States Biographical Series.

"I hereby authorize you to execute for me a full-page Photo-Steel Engraved Plate and to insert prints therefrom in the Biographical and Historical work 'Biographical History of Massachusetts,' the plate reverting to me as my property.

"The work is to be hand-bound in elegant crushed morocco, artistically decorated, gold top and special design.

"The text of 'Biographical History of Massachusetts' is to be printed on specially high-grade paper.

"The work is to be illustrated throughout with artistic full-page portraits.

"The total expense for the making of the plate and insertion of the portrait, including one dozen artist's proofs with enlarged margin, is to be $250, for which I hand you my check, payable to the Massachusetts Biographical Society."

At the trial the defendant admitted that the signed instrument was unaltered except as such a result, if any, followed from the indorsement by the solicitor on an unsigned copy of the instrument given the defendant of these words: "On September 23rd, 1914, Mayor Howard is to have option of time for payment of the contract."

The presiding judge, speaking of the terms of the alleged contract and of the performance of the provisions therein by the plaintiff, said: "The defendant is not raising any question but that was the agreement and it is not on that ground that he is raising any defence; he is raising a defence solely on the question that this contract, which on its face is plain, simple and obligatory, was accompanied by this [an] agreement that it should be for the present no contract, but should only become a contract when the defendant notified the authorities that he was willing to allow it to become a contract.  If you find that that was the contract, that was the agreement, you find that that agreement was made, of course your verdict should be for the defendant.  If you find that it was not made, then this contract stands and the plaintiff is

entitled to recover $250, . . ." Under this charge the case went
to the jury with the liability of the defendant admitted, unless the
defendant should prove that the delivery of the instrument as an
operative obligation was conditional upon the exercise by the de-
fendant of an option granted him by the plaintiff to "take the
book" on September 23, 1914.

Upon the direct testimony of the defendant the jury was fully
warranted in finding, as it did, that the instrument signed by the
defendant and delivered to the plaintiff was not to have effect as
a binding obligation unless and until the defendant should "notify
us whether or no you want it," by sending to Mr. Eliot, Editor-
in-Chief of the Massachusetts Biographical Society, on Septem-
ber 23, 1914, a notification whether the defendant would take the
book; and it is plain that it could make such finding consistently,
notwithstanding the testimony of the defendant on cross-exam-
ination, that when he signed the instrument he supposed the plain-
tiff's solicitor would turn in to the plaintiff the signed contract
not containing the indorsement; that at the time he signed the
contract he considered himself bound by the contract with the in-
dorsement on the copy he retained; and that at the time of the
trial he still considered himself bound. It is well settled that the
rule against the admission of oral testimony to vary the terms of
a written instrument is not applicable when that testimony is
offered to prove, as here, that the signed and delivered instrument
never became operative as an obligation of the parties thereto.
*Zielmann* v. *Copelof,* 232 Mass. 393, 396. *Watkins* v. *Bowers,* 119
Mass. 383. *Hill* v. *Hall,* 191 Mass. 253.

The direction of the duly authorized solicitor to "notify us"
by notifying Mr. Eliot, the Editor-in-Chief of the Massachusetts
Biographical Society, authorized the sending of a letter on the .
day named to Mr. Eliot, Editor-in-Chief of the Massachusetts
Biographical Society, Boston. Had the letter sent been addressed,
without the name Mr. Eliot, to the Massachusetts Biographical
Society, Boston, and mailed, a presumption of fact of delivery
would arise that such letter was duly delivered and received at
No. 294 Washington Street, Boston, — the "Boston office" of the
plaintiff indicated as its place of business upon its letter headings
in evidence and a part of the plaintiff's bill of exceptions. *Tobin*
v. *Taintor,* 229 Mass. 174. It would seem plain that the letter

could be found to have been delivered at the plaintiff's office and, considering its contents, reasonably probable that it was turned over by Mr. Eliot to the proper person to receive it. But whether the plaintiff received it or not is quite immaterial, if the jury should find that the defendant sent it as a notification of his purpose to the person to whom the plaintiff had chosen to have it sent; and it is equally immaterial that that person was not authorized to receive it or act upon it. *Leavitt* v. *Maynes*, 228 Mass. 350. Assuming the jury to find the testimony supported the contention of the defendant independently of the contents of the letter, the letter was admissible as evidence to prove the defendant notified the plaintiff in the manner provided by their agreement of his election not to be bound by the instrument which he had signed.

The exception to the admission of this evidence was a general one; the letter was admissible for a limited purpose, and the exceptions must be overruled.

*So ordered.*