MARGARET DEMPSEY *vs.* GOLDSTEIN BROTHERS AMUSEMENT COMPANY.

Hampden.   October 14, 1918. — January 2, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Witness*, Cross-examination to show bias. *Evidence*, Competency. *Practice, Civil*, Exceptions.

In an action for personal injuries the defendant called a medical expert, who testified that he had examined the plaintiff and that she had not suffered any permanent injury. The plaintiff's counsel asked the witness, on cross-examination, "Who asked you, doctor, to examine this woman?" and the witness answered, "Mr. C, representing the Casualty Company of America, the manager." The defendant asked the judge to order this answer stricken out on the ground that it disclosed the insurance and was prejudicial to the defendant. The judge allowed the answer to stand but in his charge instructed the jury that, although the evidence was admitted properly, the jury were not to take into account the fact that the defendant was insured, that this was "of absolutely no consequence" and the jury were to disregard it. *Held*, that the admission of the evidence was proper for the single purpose of showing bias, and that with the instruction of the judge, which it must be assumed was followed by the jury, the defendant was not shown to have been prejudiced by the admission of the evidence thus properly restricted in its application.

In the same case it was *pointed out* that the part of the witness's answer which consisted of the name of the person who asked the doctor to examine the woman, without the explanation that he represented the insurance company, was competent for all purposes, but that the request of the defendant's counsel was that the judge should order the whole of the witness's answer to be stricken out without separating the competent part, so that the refusal of the request by the judge afforded no ground for exception.

TORT for personal injuries sustained on September 28, 1916, when the plaintiff was attending a theatrical performance in the

defendant's theatre at Westfield and, in walking along an aisle of the theatre, fell over a portable chair that had been left in the aisle negligently by the defendant's servants. Writ dated December 29, 1916.

In the Superior Court the case was tried before *Callahan,* J. Among the defendant's witnesses was Dr. Frederick D. Davis, who testified in regard to the plaintiff's injury as described in the opinion. On his cross-examination, the first question asked by the plaintiff's counsel was, "Who asked you to go to see this woman?" This question was objected to and a conference was had at the bench, in which the defendant argued that the answer to the question would disclose the fact that the defendant was insured against liability for injuries to persons attending such performances, and that the question was therefore inadmissible. At the conference above mentioned the defendant argued that the fact that the defendant was insured would, if made known to the jury, prejudice the jury, so that the jury would be more likely to return a verdict for the plaintiff than otherwise, and that the verdict, if for the plaintiff, would be likely to be larger than otherwise; while at the same time, owing to the financial condition of the insurance company, which was in the hands of a receiver, the defendant was not afforded real protection against liability; that the defendant was ready and willing to admit that the doctor examined Mrs. Dempsey at the request of the defendant and that the doctor was paid by the defendant for his examination, and that the only reason why the plaintiff could wish to insist on the question was to prejudice the jury by having the fact of such insurance disclosed. The counsel for the plaintiff stated he never had known that Dr. Davis represented an insurance company and did not know then what the doctor's answer would be. The plaintiff insisted upon the question and at the close of the conference the judge admitted the question, saying, "I shall not restrict the cross-examination. I will save your rights, if you wish." The question then was repeated in this form: "Who asked you, doctor, to examine this woman?" The doctor answered, "Mr. Chetworth, representing the Casualty Company of America, the manager." The defendant, by its counsel, then asked that the answer be stricken out. To this the judge replied, "I allow it to stand."

The defendant excepted. The direct examination had not disclosed whether the witness had attended the plaintiff as her own physician or as a representative of some other person.

In charging the jury, the judge adverted to the testimony admitted under objection and exception in the following words: "Some evidence was brought out in cross-examination concerning the connection of an insurance company with the defendant in this case. The evidence was properly admitted, because the answer called for was properly responsive to a proper inquiry made or addressed to the witness. But, gentlemen, you are not to take into account, in passing upon this case or upon any issue of it, the fact that the defendant was insured. That is of absolutely no consequence. It has no bearing whatever upon the elementary or fundamental questions here upon which the defendant's liability is determined. So that you will disregard the reference made to the fact that an insurance company was responsible for Dr. Davis's visit to the hospital, and will not let it influence you in any way."

The jury returned a verdict for the plaintiff in the sum of $2,500, and the judge, after denying a motion for a new trial, reported the case for determination by this court, upon the question whether the evidence above described was admitted properly. If this evidence was admitted properly, the verdict was to stand. If the evidence was admitted improperly, the verdict was to be set aside and a new trial was to be had upon all questions.

The case was submitted on briefs.

*W. H. McClintock, E. A. McClintock & D. B. Hoar,* for the defendant.

*R. J. Morrissey & J. L. Gray,* for the plaintiff.

BRALEY, J. A medical expert called by the defendant who had made a physical examination of the plaintiff at the hospital having testified that she had not suffered any permanent injury, the question put in cross-examination, "Who asked you, doctor, to examine this woman?" was relevant, and the answer, "Mr. Chetworth, representing the Casualty Company of America, the manager," was responsive. But before the question was asked, the counsel for the plaintiff, during a conference by the parties with the presiding judge, had been informed that the defendant

held a policy of indemnity insurance, and, upon the disclosure shown by the answer, the defendant's counsel moved that it be stricken out on the ground previously stated "to the judge that, if the fact of insurance were admitted, the defendant might be prejudiced on the question of liability or in' the assessment of damages.

It is settled that evidence that the defendant was insured against accidents could not have been introduced as an admission of negligence. *Anderson* v. *Duckworth,* 162 Mass. 251. *Perkins* v. *Rice,* 187 Mass. 28. *Sibley* v. *Nason,* 196 Mass. 125. But the answer under discussion is not in the nature of an admission. Nor was it received in evidence as such. ' While the witness does not appear to have been an officer, agent or servant of the defendant corporation, he had been called and had given evidence in its behalf, and, if the jury accepted his opinion, the measure of the plaintiff's damages would be materially affected. It was competent for the plaintiff to show, if she could, that he was not disinterested, and ordinarily the fact that he had been employed and paid by adversary interests to make the examination would be admissible. *Mayhew* v. *Thayer,* 8 Gray, 172, 177. In *Stevens* v. *Stewart-Warner Speedometer Corp.* 223 Mass. 44, the question excluded on cross-examination was, "Who were you working for? " and the opinion holds, that the answer which counsel expected, "The Federal Insurance Company who insured the car against theft," should have been admitted as tending to affect the weight to be given to the testimony of the witness upon his direct examination. It is true the action in that case was brought for the benefit of the insurance company which had indemnified the owner. A defendant, however, who is insured can properly call a witness even if as the paid employee of the insurance company he has prepared the case for trial, and who may give evidence of alleged admissions obtained by him in conversation with the plaintiff, which, if believed by the jury, would exonerate the defendant from all liability. If his employment cannot be shown because the answer would reveal that the defendant had a policy of indemnity insurance, an exception is created to the universal rule, that the pecuniary interest of a witness or his prejudice or bias in favor of the party calling him can always be shown, limited only as to the extent of the in-

quiry by the sound discretion of the trial judge. *Jennings* v. *Rooney*, 183 Mass. 577, 579. The test of admissibility in *Stevens* v. *Stewart-Warner Speedometer Corp.*, just cited, as in the case at bar, is the question of the possible partiality of the witness, to which the judge's ruling denying the request to strike out is limited by the report.

If no further action had been taken, the defendant could urge that the jury might give the answer a broader scope and meaning than the ruling permitted. The judge, however, in instructions to which no exceptions were taken explained his reasons for admitting the answer, and told the jury in clear and positive words, that they were "not to take into account, in passing upon this case or upon any issue of it, the fact that the defendant was insured. That is absolutely of no consequence. It has no bearing whatever upon the elementary or fundamental questions here upon which the defendant's liability is determined. So that you will disregard the reference made to the fact that an insurance company was responsible for Dr. Davis's visit to the hospital, and will not let it influence you in any way." It must be assumed that the jury followed the instructions. *Ducharme* v. *Holyoke Street Railway*, 203 Mass. 384, 392, and cases cited.

The ruling requested is also inapplicable to so much of the answer as is shown by the words "Mr. Chetworth," and the refusal of a ruling which is in part correct and in part is erroneous, where the counsel does not ask for a separate ruling on the correct part, affords no ground of exception. *Gardiner* v. *Brookline*, 181 Mass. 162. *Smith* v. *Duncan*, 181 Mass. 435. *Commonwealth* v. *Anderson*, 220 Mass. 142, 145.

A majority of the court are of opinion that, the defendant having failed to show error, the exceptions should be overruled and judgment entered for the plaintiff on the verdict.

*So ordered.*