ANDERSON v. SANTA FE TRAIL TRANSP. CO et al.

No. 6699. Decided Sept. 8, 1944. (151 P. 2d 465.)

See 64 C. J. Trial Sec. 247; 53 Am. Jur., 402; 78 A. L. R. 1452.

*Shirley P. Jones* and *Rich, Rich & Strong,* all of Salt Lake City, for appellants.

*McCullough & Ashton* and *Harold N. Wilkenson,* all of Salt Lake City, for respondent.

WADE, Justice.

This case arose out of the same accident as the case of *Spencer* v. *Santa Fe Trail Transportation Co.,* 107 Utah 10, 151 P. 2d 461.

Here plaintiff Maxine Anderson, with whom Pearl Spencer, plaintiff in the other action, was riding at the time of the accident, sued the defendants Santa Fe Trail Transportation Co. and Leonard Rushing to recover damages which she suffered as the result of the same accident out of which the other cause arose. In this case the jury awarded the plaintiff damages and the defendants appealed to this court. The facts as disclosed by the evidence in the two cases are substantially the same. The main opinion in the other case held that the evidence was not sufficient to justify the jury in finding that the Santa Fe bus was involved in that accident. On that point, plaintiff's evidence, in this case, is no stronger and is subject to the same defects as the evidence of the plaintiff in the other case, and therefore, in accordance with the holding of the main opinion in that case, the verdict is not supported by the evidence but is contrary thereto, and therefore must be set aside. The defendant did not assign as error the failure of the court to direct a verdict, but only the failure to grant a new trial. The case is therefore remanding to the trial court with directions to grant a new trial. Costs to appellants.

LARSON, J., concurs.

McDONOUGH, Justice (concurring in the result.)

I concur in the result, but I am of the opinion that the trial court did not abuse its discretion in refusing to grant a new trial on the ground alone of the insufficiency of the evidence to justify the verdict. Were that the only ground specified in defendant's motion, I am satisfied that pursuant to prior decisions of this court, the trial court's

refusal to grant a new trial should be sustained. See *James v. Robertson*, 39 Utah 414, 117 P. 1068. As stated in my opinion concurring in the result in *Spencer* v. *Santa Fe Trail Transportation Co.*, currently decided, the question of whether the bus of the Transportation Company struck the car in which plaintiff was riding was properly left to the jury. I am further of the opinion that the evidence that the two vehicles did collide was not so insubstantial as to justify us concluding that it was an abuse of discretion on the part of the trial court to refuse a new trial on the theory that such ultimate fact lacked substantial support in the record.

However, I am constrained, in light of the state of evidence, to conclude that other irregularities occurring during the course of the trial were such that to refuse to grant a new trial was an abuse of discretion. I shall not elaborate on them, since the majority court has reached ed its conclusion on the ground stated in the opinion. Such irregularities, however, both upon the part of counsel for the plaintiff, merit mention. During the course of the trial one of the jurors asked permission to ask a question of a witness for the defendant. Such witness had testified that the metal on the side of the bus was such that were it damaged it could not be repaired so as to hide any blemish. The juror asked the witness whether it could not be done by the use of a blow torch. Upon the witness answering that it could not, the juror volunteered the statement that he had done so himself. The unsworn testimony of the juror came in such way that neither the court nor the counsel could well have prevented it. However, upon another expert or informed witness being called by the plaintiff to corroborate its previous witness on the point, counsel for plaintiff turned to the juror in question and asked him if he had any questions. This query of counsel evoked not a question but a mere repetition of his former assertion. Thus counsel invoked, without the permission of the court, the improper repetition of the unsworn testimony.

Again, counsel for the plaintiff, in his argument to the jury, improperly asserted to the jury in effect that the Bus Company was a foregin corporation; that it would pay any judgment rendered, and that its property within the state could be levied upon in satisfaction ■ thereof. This assertion was repeated later in the argument. Unless counsel, by such argument, invited or admonished the jury to resolve any doubt it might have as to the facts in favor of the plaintiff in view of the financial responsibility of the Corporate defendant, it is difficult to see how the jury might think it relevant.

Because a review of the record leaves a conviction that the defendant was not accorded a fair trial and that the issues should be submitted to another jury, I concur in the order setting aside the verdict.

WOLFE, C. J., concurs in the views expressed by Mr. Justice McDONOUGH.

TURNER, J., concurs in result for reasons given in opinion of Mr. Justice McDONOUGH.