# SPENCER v. SANTA FE TRAIL TRANSP. CO. et al.

No. 6654.  Decided Sept. 8, 1944.  (151 P. 2d 461.)

See 4 C. J. S. Appeal and Error, Sec. 1300; 28 R. C. L. 602.

*McCullough & Ashton* and *Harold N. Wilkenson,* all of Salt Lake City, for appellant.

*Rich, Rich & Strong* and *Shirley P. Jones,* all of Salt Lake City, for respondents.

WADE, Justice.

Plaintiff brought this action to recover damages resulting from injuries suffered by her in an automobile accident alleged to have been caused by the negligence of the defendants, the Santa Fe Trails Transportation Company, a corporation and Leonard Rushing. At the trial the jury found in favor of the defendants and plaintiff appeals.

About 6:30, Sunday evening on November 15, 1942, Rose Sorenson, with three other women in her car, was driving south on U. S. Highway No. 89, between the towns of Gun-

nison and Redmond when the rear end of a north bound vehicle skidded into and struck the left front fender of her car. The fender was damaged and jammed against the front wheel thereby preventing it from turning freely and causing her car to swerve to the left side of the road directly into the path of an oncoming car driven by Maxine Anderson in which plaintiff was riding. A head-on collision ensued in which plaintiff suffered the injuries complained of. Plaintiff claims that the northbound vehicle which skidded into the Sorenson car was the Santa Fe Trail bus driven by the defendant Rushing and that at the time of the accident the bus was being driven astraddle of the yellow line in the center of the highway. Defendants contend that the Santa Fe bus was not in this accident at all, and that under the evidence here it would be unreasonable for the jury to find that it was, and therefore the decision of the jury was correct even though the court may have erred in other respects.

The four women riding in the Sorenson car each positively testified that the northbound vehicle which skidded into that car was the Santa Fe bus. Plaintiff and Maxine Anderson with whom she was riding each testified that shortly prior to the accident the Santa Fe bus overtook and passed them as they were traveling northward and that from that time until the headlights of the Sorenson car intervened between them and the rear lights of the bus, those lights remained within their vision and that no other vehicle came between them and the bus prior thereto. On cross-examination the testimony of the four women in the Sorenson car was somewhat weakened in that each admitted that in identifying the bus she relied somewhat on the fact that it was the only bus that usually comes along the highway at that time; they were also somewhat confused as to the color scheme of the bus. There was also testimony that Maxine Anderson had, in the presence of the plaintiff, made statements contrary to her testimony, as given in court, on the identity of the bus. Ordinarily such testimony would be amply sufficient to require a submission of that question

to the jury but defendants contend that here there are undisputable physical facts which conclusively demonstrate that it was not the Santa Fe bus which skidded into the Sorenson car, and that in view of these facts a finding to the contrary would be unreasonable and therefore not supported by the evidence and would have to be set aside by the court.

After the accident there was a horizontal crease or dent with U-shaped cross-section about three feet long in the top of the left side of the front fender of the Sorenson car. In the middle and deepest part of this crease was a strip between two and three inches wide which was almost flat, running the full length of the crease and which showed abrasion lines running lengthwise therewith. Above and below this deep strip in the crease, the fender bends abruptly outward and the strip is approximately three inches deep. This clearly indicates that a solid object between two and three inches wide, and which projected approximately three inches beyond the objects above and below it, had crashed into this fender and then had scraped along the side of the fender horizontally. This fender was received in evidence and this court had the advantage of being able to study the details of this crease.

Plaintiff's evidence is positive and undisputed that this crease was not in the fender prior to the accident, and the evidence is also conclusive that this crease was made by the vehicle which skidded into the side of the Sorenson car, and not by one of the other cars which was later involved. The crease is exactly in the place where it would be expected from a description of the manner in which the northbound vehicle skidded into the front side of the front fender of the Sorenson car. From the evidence neither of the other cars which struck the Sorenson car could have made this crease. The Sorenson car was turned slightly to the left when it collided with the Anderson car head-on and was struck only in the front and right side. Also there was nothing on the Anderson car which could have made this crease on the

left side of the left front fender. A milk truck also struck the Sorenson car after the collision with the Anderson car, but it also struck the right side and could not have made this crease on the left side of the Sorenson car. Thus this crease must have been made by the northbound vehicle which skidded into the left front side of the Sorenson car and a finding to the contrary would be unreasonable and not supported by the evidence.

The evidence is also clear and conclusive that the crease in the fender was not made by the rear end of the Santa Fe bus. There is nothing that protrudes out from the side of the bus on the rear end which could have made this crease. The whole side of the bus is flat and smooth from top to bottom except the open space where the wheel is and the bumper which extends across the back and around the corner flush against the sides. The outside of the tire of the wheel is even with the body of the bus, and neither the casing nor the hub comes out as far as the outer edge of the tire. There is a very slight fender forming an arc over the wheel which is also even with the body of the bus. The bumper consists of two parallel strips of chromium steel one about an inch above the other, the lower side of the bottom strip is even with the bottom of the bus; both the bottom of the bus and the bumper are 19½ inches above the ground, the top of the upper strip of the bumper being 27¼ inches above the ground, making an over all width of the bumper of 7¾ inches. There is nothing on the side of that bus which could make this crease in the fender. If the rear end of this bus had struck the fender, instead of making a crease it would have caved it in from the bottom of the bus to the top of the fender.

The highest point on the bead on the outer edge of the fender which forms an arc over the wheel on cars made and equipped as the Sorenson car was at the time of this accident is normally 29 inches above the ground. The top or highest point of the fender is 5 inches higher, or 34 inches above the ground. The bottom of the deep part of the

crease in this fender is at least two inches above the highest point on the arc of the bead of the fender, which would make the bottom part of the object which made this crease in the fender 31 inches above the ground and 14½ inches above the bottom of the bus. The extent of the inflation of the tires on both the car and the bus and the sag in springs would make some difference, but making liberal allowance for these items the bottom of the bus is still much lower than the crease in this fender. Even if the bottom of the bus were high enough to make this crease, the fact that the fender buldges out above the deep strip in the crease demonstrates that it was not made by the flat side of the bus but by an object between two and three inches wide from top to bottom which protrudes out about 3 inches from the objects above and below it. The bumper even though high enough could not have made this crease because it is more than twice as wide as the deep flat strip in the crease and it does not project beyond but is flush with the side of the bus.

This physical evidence is supported by the testimony of the driver of the bus and five of the passengers who were riding with him at the time in question, all of whom testified that they did not feel the bus skid or slide, or bump into any object during that trip or know that it was in any accident whatsoever, at that time. The testimony is also conclusive that there was no dent in the body of the bus or any other evidence that it had struck or scraped against any car or other object during that trip, and that it is made of material which would readily show had it been in such an accident.

Counsel for plaintiff by their actions recognize that the evidence that the bus did not strike the Sorenson car is very strong, if not conclusive. Plaintiff pleads that the bus struck the Sorenson car; she calls the four women who were riding in that car as witnesses and each testify positively that it did strike their car; she produces in evidence a fender which has been jammed to prove a collision, and

yet in the face of this positive testimony and evidence, counsel asked the court to instruct the jury that even though they found that the bus did not strike the Sorenson car, if they were satisfied that the bus crowded the Sorenson car off the road and thereby rendered it uncontrollable, the plaintiff might still recover and argues strenuously before this court that the lower court was in error in refusing to give such instruction. Certainly, plaintiff would not take that position if they did not feel that the evidence of a collision is very weak. Such a position was contrary to all of plaintiff's evidence and pleadings and of course the court did not err in refusing to so instruct the jury.

In view of this evidence it would be unreasonable to find that the bus collided with the Sorenson car. Since, as we have seen, the crease in the left fender of the Sorenson car must have been made by a collision with a northbound vehicle immediately prior to its collision with the Anderson car, a finding that the Santa Fe bus was involved in this accident would be contrary to the evidence, and the court should have directed a verdict for defendants.

Judgment is therefore affirmed with costs to respondent.

LARSON, J., concurs.

WOLFE, Chief Justice (concurring).

I concur for the reasons set out in the opinion of Mr. Justice McDONOUGH. By this I do not mean to say that I have concluded that there was competent evidence to go to the jury and if so that had the jury concluded differently than it did that we would not have to reverse it because of an abuse of discretion had the court refused to grant a new trial. In this case the affirmance may rest on the fact that the assignments of the plaintiff were not well taken. We may leave until another time the question of whether, on reversal, this court should, even though there may have been some competent evidence in favor of the prevailing party, send the case down with instructions to dismiss because in any event it would appear that there was no or

little likelihood that any new evidence could be produced by the prevailing party and as the case stood on appeal the evidence against the prevailing party preponderated to such an extent as to permit us to say that the jury must have been actuated by bias or failed to follow instructions or was indifferent to the evidence—in short, whether it concluded as no reasonable men would conclude under the evidence.

McDONOUGH, Justice (concurring in result).

I concur in the result affirming the judgment, but the basis for such concurrence is that appellant's assignments of error cannot be sustained, rather than on the ground that since the trial court should have directed a verdict for defendants the assigned errors could not have prejudiced the plaintiff.

In the first place, defendants have not cross-assigned error because of the trial court's refusal to direct a verdict in their favor. They do not argue that error was committed by such refusal. The question therefore is not before us for review.

Secondly, in view of the positive testimony of the occupants of the Sorenson car, that defendants' bus struck such car, I believe that it would have constituted an invasion of the province of the jury for the court to say—by directing a verdict—that such testimony could not be believed. While I agree with what is said in the court's opinion to the effect that the crease in the fender could not have been made by the rear part of the bus; nevertheless the jury could, in my opinion, have come to the same conclusion as this court relative to such fact, and yet have found that the bus did strike the car and cause it to go out of control. I can see no reason why the jury might not have concluded that the witnesses must have been mistaken either as to the fender not having been so damaged theretofore as to its not having been damaged subsequent to the time the bus struck the car. I do not understand

that a jury must be convinced of the veracity of everything a witness testified to or be precluded from giving credence to any of it.

The fact that the jury reached what to us appears to be a very reasonable conclusion on the vital issue as to whether the bus struck the Sorenson car, should not lead us to assert that there was no such issue of fact to be determined. The fact that the physical evidence was such, as clearly delineated in the court's opinion, as to preclude a reasonable finding that the crease in the fender of the car was caused by contact with the bus; and the further fact that plaintiff argued to the jury that it was so caused; still leaves the question of whether there was any impact, to be determined by the trier of the fact in view of the direct testimony that there was such contact.

I shall briefly state my reasons for concurring in affirmance of the judgment: Only two alleged errors are argued by appellant as grounds for reversal. First, she contends that the court committed reversible error in permitting counsel for the defendants to cross-examine the witness Sorenson as to why she did not have a driver's license and to discuss the evidence so adduced in the argument of counsel to the jury. The questions on cross-examination made inquiry as to whether the witness did not fail to apply for a driver's license because she was afraid she could not meet the qualifications therefor, and whether she was not nervous while driving on the highway without a license. The court did not err in permitting such examination. Furthermore, the court specifically instructed the jury to the effect that even if it were found that the witness Sorenson drove in a careless manner, nevertheless if the driver of the bus was negligent in the respects alleged in plaintiff's complaint and such negligence was a proximate cause of the injuries to plaintiff, the latter would be entitled to a verdict. In view of such instruction the cross-examination of the witness in question could not have prejudiced the plaintiff.

The same conclusion must be reached in regard to counsel's argument to the jury based on the evidence so adduced. He merely argued, in pointing to a motive for bias, on the part of the witness, that in view of her driving on the highway without a license to do so, she would be interested in fastening fault for the collision on some other person. Whether such inference appealed to the jury as a reasonable one may be questionable, but I can see no impropriety in the argument.

The second error claimed as the basis for a reversal was the refusal of the court to instruct the jury, on request of plaintiff, that though it be found that the bus did not strike the Sorenson car, nevertheless if the bus crowded the Sorenson car off the road so as to make it uncontrollable and the collision occurred as a result thereof, the plaintiff would be entitled to recover; and error in instructing the jury that in order for the plaintiff to recover it must be found that the bus struck the Sorenson car. The fallacy of appellant's contention is obvious. Both by pleading and proof, plaintiff asserted that the Sorenson car went out of control because it was hit by the bus. The only explanation given by the driver and other occupants of the Sorenson car as to why such car careened over to the wrong side of the highway was that the bus struck it. True, they testified that the bus impinged on their side of the road as it approached them, so as to necessitate the Sorenson car being driven with the right wheels on the shoulder of the highway. But that such condition caused the car to go out of control was nowhere stated in the evidence. The giving of the requisite instruction would have invited the jury to speculate as to whether the car would have gone out of control even it it had not been struck by the bus, despite the driver's testimony that it was knocked out of control. The ruling refusing the requested instruction and the giving of the one excepted to, were correct.

TURNER, J., concurs in the results on grounds expressed by Mr. Justice McDONOUGH.