SUSAN PERRY vs. ORIENT LAPLANTE
(and a companion case[1]).

Bristol. January 5, 1962. — February 8, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & KIRK, JJ.

*Negligence,* Motor vehicle, Contributory, In use of way. *Practice, Civil,*
Argument to jury.

Evidence of the circumstances in which two children walking westerly on
the north side of a street and attempting to cross an intersecting street
were in collision with the right side of an automobile which had come
to the intersection in a westerly direction on the first street and was
turning northerly into the intersecting street warranted a finding of
negligence on the part of the automobile operator and did not require
a finding of contributory negligence on the part of the children. [571–
572]

At the trial of an action for personal injuries sustained in a collision
with an automobile operated by the defendant, the judge properly
ordered the defendant's counsel to refrain from commenting on the
effect of expenditures on claims arising from automobile accidents on
the rates of compulsory motor vehicle liability insurance. [572]

TWO ACTIONS OF TORT. Writs in the Superior Court dated
July 14, 1959.

The actions were tried before *Taveira, J.*

*Frank P. Hurley,* for the defendant.

*James A. Heaney,* for the plaintiffs, submitted a brief.

WILLIAMS, J. These are actions of tort by two minor
plaintiffs to recover for personal injuries received in a col-
lision with an automobile operated by the defendant. At
the time of the accident on January 21, 1959, the plaintiff
Ronald was nine years old and his sister, the plaintiff
Susan, was seven years old. The two children were on
their way to school and were walking west on the northerly
sidewalk of Osborn Street in Fall River. They came to
Broadway, a fifty foot street running north and south which
intersects Osborn Street at right angles. There was evi-

[1] Ronald Perry *vs.* Orient LaPlante.

dence that they stopped at the curb of Broadway, looked to the north and south and, seeing automobiles proceeding in both directions, they waited. They started to cross Broadway and when about fifteen feet from the curb ran into or were struck by the right side of the defendant's automobile. The defendant had been operating his automobile westerly on Osborn Street and, when he reached the intersection, stopped and then turned north into Broadway at a slow rate of speed. He testified that he saw the children standing on the curb and stopped before turning into Broadway. As he turned, his attention was distracted by the blowing of a horn and he took his eyes off the children. On turning his head back towards them, he saw them two feet away ''coming right at his car.'' They were four or five feet from the easterly curb of Broadway and ran into the right side of his car.

An auditor to whom the cases were referred and whose findings of fact were not final found that the children stepped out from the sidewalk without looking to their left and that their injuries were the result of their contributory negligence. The judge denied motions of the defendant for directed verdicts and the jury returned verdicts for the plaintiffs. The cases are here on the defendant's exceptions to the denial of his motions and to an order of the judge to the defendant's counsel in the course of argument that he refrain from commenting on compulsory insurance rates and the effect of automobile accidents thereon. Counsel had stated to the jury that under the Massachusetts compulsory automobile insurance law it was necessary for a person seeking recovery for an injury sustained by reason of the operation of a motor vehicle to prove that the operator of the offending motor vehicle was negligent, and that the premiums were determined by the amount of money that was expended on claims arising out of automobile accidents.

There was no error in denying the motions for directed verdicts. The finding of the auditor did not require a ruling that the children were guilty of contributory negligence. There was evidence of the defendant's negligence. It could

be found that seeing the children at the curb, apparently waiting to cross Broadway, he should have watched them, anticipating that they might not see his car turning in from Osborn Street and attempt to cross the street. *Carbonneau* v. *Cavanaugh,* 290 Mass. 139. *Schneider* v. *DeChristopher,* 301 Mass. 241, 244–245. *McGovern* v. *Thomas,* 317 Mass. 740, 744. See *Woods* v. *DeMont,* 322 Mass. 233, 235, and cases cited.

The judge properly restricted the defendant's counsel in his argument to the jury. *Hess* v. *Boston Elev. Ry.* 304 Mass. 535, 540–541. A discussion of the effect of verdicts for the plaintiffs on compulsory automobile insurance rates had no place in an argument as to the liability of the defendant. See *Tremblay* v. *Harnden,* 162 Mass. 383, 385; *Dempsey* v. *Goldstein Bros. Amusement Co.* 231 Mass. 461, 464; *O'Brien* v. *Bernoi,* 297 Mass. 271, 275.

*Exceptions overruled.*