41348. USRY et al. v. BOSTICK.

ARGUED JUNE 8, 1965—DECIDED JUNE 15, 1965—
REHEARING DENIED JULY 14, 1965.

*Fulcher, Fulcher, Hagler & Harper, Gould B. Hagler,* for plaintiffs in error.

*Nicholson & Fleming, William M. Fleming, Jr.,* contra.

EBERHARDT, Judge. ■ The general grounds of the motion were expressly abandoned upon oral argument before this court.

■ Special ground 4 assigns error on the charge: "He contends that, as a result of the injury, he retired as a school principal because he was unable to discharge the duties required of him and that he is now on limited duty at another school; that he is not doing a full day's work; that he is unable to work and labor as he was before."

It is urged that this charge was error because it submitted an issue to the jury that was not raised by the pleadings or supported by the evidence.

We think the issue was raised and supported. In paragraph 16 of his petition plaintiff alleged that at the time of receiving his injuries he "was employed by the Richmond County Board of Education as a Principal of Dorothy Hains Elementary School. That as a result of defendant's negligence, your petitioner was unable to continue his employment for the remaining school year 1962-63, and actually lost twenty-five days pay at the rate of $37.50 per day, or a total of $937.50, for which your petitioner did not receive compensation."

He testified that he was principal of the school when he suffered the injuries and that on account of them he was out of employment with the school for the rest of the year, and that after applying his accumulated sick leave of 56 days he lost the additional 25 days for which he received no pay. He turned in his resignation when it was apparent that he could not continue to perform the duties of that job. He then secured a part-time job with the Collins Preparatory School in Charleston, S. C., where he worked four hours per day as against eight hours that he had worked each day as a principal in the Richmond County School System.

The burden of the defendant's (plaintiff in error here) contention is that nothing in the petition or evidence indicated that the plaintiff *retired* or that he was forced to *retire* from the job

that he held as principal in the Richmond County schools on account of his injuries. It is conceded that he did in fact retire.

We think the pleadings and evidence sufficiently raised the contention on the part of the plaintiff that he left his job as principal in the Richmond County schools because of injuries resulting from the defendant's negligence. Thus, the charge was authorized.

■ Special ground 5 is specifically abandoned. But in special ground 6 defendant excepts to the denial of a motion for mistrial made by his counsel immediately following the closing statement of plaintiff's attorney in his argument to the jury: "And I have got one thing further to say and I'm through. The law of the State of Georgia says this—it says simply one thing—that any person who drives a motor vehicle on the highways of this State is supposed to be financially responsible; to take care of your injury or my injury, or if I injure you to take care of your injury. In other words that is what the laws says. I am supposed to be financially responsible—anybody else. And the reason for that law is because of situations like this; that the law of the State of Georgia says that if I injure you, if I damage you as the result of my negligence, I should pay you. Be fair with us. That is all I ask. Treat us the same that you would like to be treated if you were in this man's position. And take into consideration, gentlemen, that this man is 60 years of age. He is not a young man. And a man that is 60 years old, when he gets hurt he oftentimes experiences much more difficulty than a young man. I thank you."

The motion for mistrial was upon the grounds that it was "improper argument . . . relating to the law of Georgia requiring that each person operating vehicles on the roads within the State be financially responsible, and . . . that each person must be able to financially respond to any damages," that there "is no evidence in the case on which such argument could be based," and that "the argument is highly prejudicial and is without any foundation in the evidence."

There was no rebuke of counsel, no instruction to the jury to disregard the argument; the judge simply overruled the motion. In this we think he committed error. *Code* § 81-1009.

Financial responsibility was not a legitimate issue in the case;

it was raised neither by the pleadings nor the evidence. Moreover, the statement made by counsel was not a correct statement of the law. The only provision of law regarding financial responsibility is found in *Code Ann.* § 92A-605. A reading of it discloses that it does not provide that any person who drives a motor vehicle in this State must be financially responsible. It is only after the Department of Public Safety has been notified that an operator has been in an accident involving bodily injury or death, or damage to property amounting to $50 or more, that there is any requirement that financial responsibility be demonstrated *in order to continue his driver's license.*

But more importantly, and even if the law were as stated by counsel, the worldly circumstances or financial standing of the parties to a negligence action of the kind involved here has absolutely no relevancy. It is improper to refer to it in the evidence. It is error for the judge to refer to it in the charge. And it is wrong for counsel to make reference to it in their argument to the jury. *Higgins v. Cherokee Railroad,* 73 Ga. 149; *Travelers Indemnity Co. v. Wilkes County,* 102 Ga. App. 362 (116 SE2d 314); *John J. Woodside Storage Co. v. Reese,* 105 Ga. App. 602 (125 SE2d 556). "Litigants are entitled in an action for compensatory damages to a trial on the merits without regard to their financial status." Anderson v. Cactus Heights Country Club, (S. D.) 125 NW2d 491. A suggestion that the verdict sought would not personally punish the defendant is prejudicial error. Purdes v. Merrill, 268 Minn. 129 (128 NW2d 164). Argument that the defendant, a foreign corporation, had property within the State out of which any judgment rendered could be satisfied amounted to an appeal to the jury to resolve any doubt against the defendant in view of its financial responsibility, and was error. Anderson v. Santa Fe Trail Transp. Co., 107 Utah 20 (151 P2d 465). In jurisdictions where all owners of motor vehicles are required by law to have liability insurance it is held that the requirement is irrelevant to any issue in the case and mention thereof by counsel in argument to the jury constitutes prejudicial error. Perrota v. Mooney Bros. Supply Co., 21 Law. L. J. 135 (Pa.); Perry v. LaPlante, 343 Mass. 570 (179 NE2d 913). By the same token it is, as a general rule, error for counsel for the defendant

to urge in his argument that the defendant is not insured, Dalton v. Gesser, 72 N. J. Super. 100 (178 A2d 64); Mobile Cab & Baggage Co. v. Busby, (Ala.) 169 S2d 314; Bloxom v. McCoy, 178 Va. 343 (5) (17 SE2d 401), or that every dime of the award would come out of the defendant's pocket. Miller v. Staton, (Wash.) 394 P2d 799.

This is not to say that counsel do not have a wide latitude in arguing their cases before the jury—so long as they stay within the bounds of the issues in the case and the reaches of the evidence. *Early & Lane v. Oliver & Norton,* 63 Ga. 11, 19 (2); *Augusta & S. R. Co. v. Randall,* 85 Ga. 297 (6), 319 (11 SE 706); *Owens v. State,* 120 Ga. 209 (3) (47 SE 545); *Patterson v. State,* 124 Ga. 408, 409 (52 SE 534); *Adkins v. Flagg,* 147 Ga. 136 (2a) (93 SE 92). But "[f]or counsel to undertake by a side wind, to get that in as proof which is merely conjecture, and thus to work a prejudice in the mind of the jury, cannot be tolerated." *Berry v. State,* 10 Ga. 511, 522.

The contention that the motion for mistrial came too late cannot avail. It is to be observed that counsel for the plaintiff nearing the end of his argument, asserted, "And I have got one thing further to say and I'm through." Then followed the argument about financial responsibility. True enough, there were some three or four additional short sentences following that before counsel ended his argument and the motion for mistrial was made. By actual count the additional material consisted of 71 words, taking no more than 15 seconds to read and perhaps no more or maybe even less to utter in a speech. It cannot be held that a delay of no more than that in making the motion renders it subject to the criticism that it came too late.

*Judgment reversed. Nichols, P. J., and Pannell, J., concur.*