**Thomas TESSIER et al., Plaintiffs-Appellants,**

v.

**STATE FARM MUTUAL INSURANCE COMPANY, Defendant-Appellee.**

No. 72–1015.

United States Court of Appeals, First Circuit.

Submitted April 5, 1972.

Decided May 1, 1972.

Herbert Murphy Associates, Springfield, Mass., on brief for appellants.

David B. Avery, Boston, Mass., Bruce P. Gilmore, Jr., Norwell, Mass., and David L. Delaney, Milton, Mass., on brief for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

The case presents on perhaps superficially appealing facts, a request for unusual relief. Plaintiff (we will use the singular), allegedly always domiciled in Massachusetts, while commorant in Georgia was involved as a guest passenger in an automobile accident. The driver, a resident of Arizona, is deceased, apparently leaving no estate other than a liability policy written by the defendant, State Farm Mutual Insurance Company, an Illinois corporation. Plaintiff, having returned to Massachusetts, brings this diversity action in the Massachusetts district court against the insurance company as sole defendant as it does business in Massachusetts and is subject to process. Neither Massachusetts, Georgia, nor Arizona has direct action statutes. The company moved to dismiss for failure to state a cause of action against it, and for lack of an indispensable party, namely, the legal representative of its insured. The district court dismissed, with an opinion, 334 F. Supp. 807, and plaintiff appeals.

Plaintiff asks us to "recognize reality," but in this he is very selective. In the first place, he asserts that "in reality" all that he is doing is seeking to avoid the formality of obtaining the appointment of an ancillary administrator of the insured tortfeasor within the Commonwealth. This contention, at

least if plaintiff has examined the law with any care, must be regarded as disingenuous.[1] The probate court's jurisdiction to appoint an administrator presupposes the existence of an asset within the Commonwealth. Had the decedent matured the claim against the insurer by virtue of causing the accident within the Commonwealth, or had he been a resident or taken out the policy within the Commonwealth, there might well have been an asset here. *Cf.* Gordon v. Shea, 1938, 300 Mass. 95, 99, 14 N.E.2d 105; Milmoe v. Toomey, D.C.Cir., 1966, 123 U.S.App.D.C. 40, 356 F.2d 793, 795–796.[2] As it is, no legal representative of the insured can be designated.

The second "reality" with which plaintiff asks us to deal is that the insurer is the real party in interest. In so doing he discounts the fact that by naming the insurer as the defendant he brings forcefully to the attention of the jury the existence of insurance. In spite of plaintiff's natural readiness to call this not a prejudicial matter—as, of course, it is not to him—the Massachusetts court considers that it is. *See* Dempsey v. Goldstein Bros. Amusement Co., 1919, 231 Mass. 461, 121 N.E. 429; *cf.* Perry v. LaPlante, 1962, 343 Mass. 570, 179 N.E.2d 913.

There is still a further reality to which plaintiff would give short shrift. Under Massachusetts procedure the injured party's right to proceed against the insurer, even though it may mature at the time of the accident, *cf.* In re Fay Stocking Co., 6 Cir., 1938, 95 F.2d 961, is a two-step procedure. First, a judgment must be obtained against the insured. Then the insurer may be pursued, if the judgment is not satisfied, by a bill to reach and apply. The most obvious reason for the two steps is that the insurer may have a defense, vis-a-vis its insured (except in the case of the compulsory insurance, with which we are not concerned), such as a breach of the cooperation clause. *Cf.* Potter v. Great American Indem. Co., 1944, 316 Mass. 155, 157, 55 N.E.2d 198; Goldstein v. Bernstein, 1943, 315 Mass. 329, 52 N.E.2d 559. Manifestly it is procedurally difficult, and sometimes perhaps substantively impossible, to raise this defense in conjunction with the original tort action.

With these observations as to other realities, we turn to plaintiff's basic point that this court should be procedurally innovative and grant him the reality of pursuing directly his claim against the tortfeasor's insurer. We do not consider this procedural. Plaintiff cites no authority to the effect that creating a direct cause of action against the insurance company is other than substantive. The latter is apparently the view in Georgia, Massachusetts and Arizona. *Cf.* Arnold v. Walton, 1949, 205 Ga. 606, 54 S.E.2d 424; Connolly v. Bolster, 1905, 187 Mass. 266, 72 N.E. 981; Haigler v. Burson, Ariz., 1931, 298 P. 404. It would be highly inappropriate for us, in a diversity case, to make new law for whichever of these jurisdictions the proper conflicts rule would hold concerned. *See* Klaxon Co. v. Stentor Elec. Mfg. Co., 1941, 313 U.S. 487, 497, 61 S. Ct. 1020, 85 L.Ed. 1477.

Affirmed.

---

1. Plaintiff's supporting argument that requiring someone to be appointed to this position would constitute "involuntary servitude" within the Thirteenth Amendment strains credulity.

2. To the extent that the decision in Seider v. Roth, 1966, 17 N.Y.2d 111, 269 N.Y.S. 2d 99, 216 N.E.2d 312 (4–3) [described as "much criticized" in Farrell v. Piedmont Aviation, Inc., 2 Cir., 1969, 411 F.2d 812, 813], might be argued to be of peripheral support to the plaintiff, the dissenting opinion makes clear that the majority was in fact holding contrary to Gordon v. Shea.