## 53455. CAMP v. T. E. CLINE, INC. et al.

STOLZ, Judge.

Appellant Camp rented a bulldozer at a daily rate from appellee Cline, to be used in Camp's landfill, agreeing to be fully responsible for it. Apparently, a tractor operator, employed by a sand and gravel company owned and operated by Camp and who frequently worked for Camp at the landfill, negligently or deliberately drove the bulldozer into a 10-foot deep, garbage-filled pond of water. Cline sued Camp and the administrator of the estate of the above-mentioned operator for damages for rental of the vehicle and costs of its salvage and repair. Camp appeals from an adverse $14,000 verdict and

judgment.

1. The denial of the appellant's motions for directed verdict and for judgment notwithstanding the verdict as to items of damages other than for rental, was not error.

"In all cases of bailment after proof of loss, the burden of proof is on the bailee to show proper diligence." Code § 12-104. This presumption of negligence was sufficient to authorize a verdict for the appellee bailor, where the evidence concerning the cause of the damage to the bailed vehicle was insufficient to remove every inference of negligence by the bailee. See *Red Cross Laundry v. Tuten,* 31 Ga. App. 689 (2) (121 SE 865) (1924). There was evidence here that Camp knew that the vehicle was not equipped with an ignition key or locking system, but did not obtain any locking device, even though he knew such a device was available; that Camp provided no guard or watchman for his equipment or the rented vehicle; that the rented vehicle was stored outside, but not in a secured area; that the only fence was one surrounding the entire 679-acre tract; that Camp had a man live outside of the landfill, but made no efforts to ascertain whether the man was to be present on the weekend on which the bulldozer was damaged; that despite Camp's prior experience of $90,000 worth of vandalism to his heavy equipment, he did not insure the rented equipment against loss or damage, as he had his own; that Camp admitted after the damage was incurred that he knew that his employee who drove the rented vehicle into the pond had been drinking previously, and that he had instructed his supervisor (who was not on the scene on the day in question) that said employee was to be kept off the machine when he had been drinking; and that Camp had acknowledged his responsibility for the damages verbally to Cline and by tendering him a check marked "payment in full" in the amount of only $2,207.16, which was refused by Cline. A bailee can be negligent in failing to protect the bailed article by preventing its unauthorized use. *Parker Motor Co. v. Spiegal,* 33 Ga. App. 795 (3) (127 SE 797).

2. It was not reversible error, if error, to deny the appellant's motion to strike from the complaint, allegations and prayers regarding the cost to repair the rented vehicle, where the trial judge refused to admit

evidence of the minimum costs of necessary repairs, did not charge the jury that repair cost was to be considered, and properly instructed the jury that the measure of damages was diminution in market value.

3. This action was against joint defendants, one of whom was the representative of the deceased tractor operator and was an employee of co-defendant Camp. In this case, therefore, the trial judge did not err in excluding testimony of two of Camp's employees as to the decedent's statements to them to the effect that he had run the rented bulldozer, with a six-pack of beer on it, into the pond, the two witnesses having been active participants in the communications with the decedent. Code § 38-1603 (5, 7). Moreover, even if the testimony had been admitted, it would not have exculpated defendant Camp, who could still be held liable for the actions and negligence of his aforesaid employee.

4. It was not reversible error, if error, to disallow defendant Camp's attempted impeachment of his own witness by showing an alleged inconsistency between his $15,000 appraisal of the fair market value of the rented vehicle given on direct examination and his estimate of such value of $10,000 to $30,000, given on subsequent recross examination. Further, redirect examination brought out testimony from this witness indicating that his higher appraisal had been based upon a hypothetical increased demand in the coal fields of Kentucky, and that at the time in question such increased demand "had pretty much passed."

5. Error is enumerated on the denial of the appellant's motion for mistrial based upon the plaintiff's testimony that defendant Camp had told him after the rented bulldozer had been pulled out of the water that "he was going to let his insurance pay for it." Such testimony was inadmissible; however, the denial of the motion for mistrial was not reversible error. The jury was instructed thereafter that the parties had stipulated that defendant Camp did not have insurance to cover this particular vehicle, and that insurance was no issue in the case. Furthermore, later in the trial, one of the plaintiff's witnesses, Mr. Elliott, testified without objection that he had heard defendant Camp tell the plaintiff that he knew

he was responsible for the machine, that "we will get it out of the water," and that "I know that I'm fully responsible for fixing your tractor." In retrospect, this supplied the admission of fault which had been missing at the time of the ruling on the motion for mistrial. The admission of the earlier testimony is not reversible error, then, since evidence to substantially the same effect and of statements made by the defendant after the event were admitted without objection. See *Atlas Supply Co. v. U. S. Fidelity &c. Co.,* 126 Ga. App. 483 (3) (191 SE2d 103) (1972); *Kent v. State,* 128 Ga. App. 132 (2) (195 SE2d 770) (1973) and cit.

6. The denial of a motion for mistrial — based upon the plaintiff's counsel's statement during a colloquy, "that's what [defendant Camp] was getting paid for, some $8,300 a week" — was not error. Defendant Camp had just given equivocal testimony as to how many days per week his landfill was being operated, saying one time that it was 5 1/2 days, yet another time 7 days for some weeks. While reference to a party's worldly circumstances or financial standing in negligence actions is generally irrelevant and harmful (*Usry v. Bostick,* 112 Ga. App. 76, 79 (3) (143 SE2d 781) (1965) and cits.), the amount of the agreed-upon weekly compensation for operating the landfill was relevant for the purpose of resolving the issue of how many days per week it was being operated, which in turn was relevant to determine whether it was or could have been operated by the defendant on the day the damages sued for were incurred.

7. A charge on the negligence of an agent being imputable to his principal, was authorized by evidence that the person who drove the bulldozer into the pond was an employee of another company owned and operated by defendant Camp, and that such employee was occasionally directed to work at the landfill, driving heavy machinery (except when he had been drinking).

8. The appellant complains that the charge — "The engagement or duties of a hirer are to put the thing to no other use than that for which it is hired, to take ordinary care in its use, to redeliver it at the expiration of the bailment as required generally with the terms of the hiring" — erroneously made him an insurer of the

redelivery of the bailed property. The instruction complained of, however, is an almost verbatim quotation from Code § 12-203, including the provision therein "to take ordinary care in its use," which excludes the theory of the defendant bailee's being an "insurer."

9. It was not error to refuse to give a requested charge to the effect that the plaintiff could not recover damages for both the cost of repairs made and the diminution of the fair market value, for the reasons given in Division 2 hereinabove. Even though this issue may have been raised by the pleadings, it was properly not charged because it was unsupported by evidence (which the judge had excluded). *White v. Hammond,* 129 Ga. App. 408 (3) (199 SE2d 809) (1973) and cits. Furthermore, as was pointed out in Division 2, above, the judge properly charged that the measure of damages was diminution of market value.

10. The requested charge on the defendant bailee's duty to use ordinary diligence or care, was substantially covered by the judge's instructions to the jury.

The verdict and judgment were not erroneous for any reason urged.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED FEBRUARY 4, 1977 — DECIDED FEBRUARY 18, 1977.

*Grogan, Jones, Layfield & Swearingen, Milton Jones,* for appellant.

*Hirsch, Beil & Partin, John P. Partin,* for appellees.

Nelson C. Coffin, *pro se.*