Houston, J.
This matter comes before the court on the plaintiffs’ motion to compel designation and for attorneys fees. See Mass.R.Civ.P. 30(b)(6). The plaintiffs contend that the deponent, an insurance carrier who is a non-party to plaintiffs’ medical malpractice action, should be compelled to provide information concerning the relationship it shares with the defendant’s medical experts. The deponent opposes the motion and has filed a cross-motion for a protective order pursuant to Mass.R.Civ.P. 26(c). For the following reasons, the plaintiffs motion to compel is ALLOWED and the deponent’s cross-motion for a protective order is DENIED.

BACKGROUND

The plaintiffs, Ernest Thomas, individually and as executor of the estate of Leslie Thomas, Amory Thomas and Aiden Thomas (collectively “the Thomases”), have filed a medical malpractice action against the defendant Suzanne Safarty, M.D. (“Safarty”). The Thomases allege that Safarty’s failure to diagnose that the decedent, Leslie Thomas, was in the midst of a heart attack when she was brought to the Metro West Emergency Room on June 6, 1998, caused her death.
For purposes of the Thomases’ motion, on or about April 22,2000, Safarty filed her supplemental answers to interrogatories in which she identified, in addition to herself, two expert witnesses, Dr. Ron M. Walls (“Walls”) and Dr. Julian M. Aroesty (“Aroesty”). In an effort to discover whether any relationship exists between Walls and Aroesty and Safarty’s insurer, Massachusetts Medical Professional Insurance Association (“Pro Mutual,” “deponent”), who was paying the cost of the experts’ testimony, the Thomases noticed the deposition of Pro Mutual by a letter dated July 10, 2000.
A subpoena duces tecum was served on Pro Mutual on July 12, 2000. In addition to scheduling a deposition for July 26, 2000, pursuant to Mass.R.Civ.P. 30(b)(6), the subpoena commanded Pro Mutual to “designate one or more officers, directors, or managing agents ... to testify at the deposition on its behalf regarding: any agreements or contracts between Pro Mutual and Walls, Aroesty or Safarty; all matters involving claims of medical negligence in which Walls, Aroesty or Safarty had testified as an expert on behalf of Pro Mutual; any fees charged by or paid to Walls, Aroesty or Safarty for assistance in matters involving claims of malpractice; the outcome of matters involving claims of medical negligence in which Walls, Aroesfy or Safarty was involved; any insurance provided by Pro Mutual covering Walls, Aroesty or Safarty; and any claims of medical malpractice for which Pro Mutual has defended Walls, Aroesty or Safarty.
On July 21, 2000, Pro Mutual served an objection pursuant to Mass.R.Civ.P. 45(d)(1) and the parties agreed that the oral deposition would not go forward as scheduled. On October 3, 2000, Pro Mutual was served with a revised deposition subpoena dropping all requests for documents. The deposition was scheduled for October 11, 2000. On October 10, 2000, the parties conducted a telephone conference whereby Pro Mutual agreed to provide the Thomases with certain responsive information by letter before October 17, 2000, and the Thomases, in turn, agreed to postpone the deposition.
By letters dated October 2 and November 9, 2000, Pro Mutual provided the following information:
*18 Julian Aroesty, M.D., has performed services as an expert in connection with sixteen claims against Pro Mutual insureds from 1994 through 2000, not including the plaintiffs claim, and has testified in 3 of them. Dr. Aroesty is not and as far as Pro Mutual has been able to determine has never been an insured of Pro Mutual.
Ronald Walls, M.D., has performed services as an expert in connection with eight claims against Pro Mutual insureds from 1994 through 2000, not including the plaintiffs claim, and has testified in 2 of them. Dr. Walls is not and as far as Pro Mutual has been able to determine has never been an insured of Pro Mutual.
Suzanne Sarfaty, M.S. (the defendant) has not performed any services in the capacity of an expert for Pro Mutual of any of its insureds.
Pro Mutual refused to provide the Thomases with information related to payment of fees for Aroesty or Walls’ expert testimony. Thus, on December 7, 2000, the Thomases filed the present motion to compel Pro Mutual to make a designation pursuant to Mass.R.Civ.P. 30(b)(6) and to award attorneys fees and expenses of motion. In opposition, Pro Mutual filed a cross motion for a protective order.

DISCUSSION

“Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.” Atlas Tack Corp., v. Donabed, 47 Mass.App.Ct. 221, 224 (1999). The conduct and scope of discovery and protective orders are issues within the sound discretion of the judge. See Hanover Ins. Co. v. Sutton, 46 Mass.App.Ct. 153, 159 (1999); Judge Rotenberg Educ. Ctr., Inc. v. Comm’r of the Dep’t of Mental Retardation (No. 1), 424 Mass. 430, 461 (1997).
1. The Thomases’ Motion for Designation
The Thomases argue that they have a clear right to attempt to prove bias in the derogation of an expert witnesses’ testimony, and thus, Pro Mutual should be compelled to provide the information requested, particularly that which relates to fees charged by and paid to Walls and Aerosty for their testimony. Pro Mutual contends that the Thomases’s motion should be denied on the grounds that: (1) as a non-party to the underlying action, Pro Mutual does not have to provide Thomas with any additional information; (2) there is no information to reveal since Pro Mutual has never contracted with either Walls, Aroesty or Safarty; (3) disclosure of material contained in Pro Mutual’s claim files would be prejudicial to the insured; and (4) information contained in claim files is protected by the attorney-client privilege.
Under Mass.R.Civ.P. 30(b)(6), a party may, in its notice and in a subpoena, name as the deponent a private corporation or association and describe with “reasonable particularity" the matters on which an examination is requested. “The organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which he will testify.” See Mass.R.Civ.P. 30(b)(6). If the deponent is a non-party, the subpoena must advise the organization of its duty to make such designation. Id. As such, depositions may be taken of officers and agents of a party’s insurer. See 8A Wright & Miller, Federal Practice & Procedure §2102 at 28 (1994); see also Seligson et al., v. Camp Westover, 1 F.R.D. 733, 734 (S.D.N.Y. 1941) (denying defendant’s objection to plaintiffs examination of insurance company pursuant to Fed.R.Civ.P. 30(b)).
Although case law on discovery pertaining to matters useful for impeachment is sparse, Massachusetts courts have long recognized the admission of evidence related to insurance liability for the single purpose of showing bias. In Dempsey v. Goldstein Brothers Amusement Co., 231 Mass. 461 (1919), the Supreme Judicial Court held that even though evidence that the defendant was insured against accidents could not be introduced as the admission of negligence, a medical expert could be asked to identify the insurance company for whom the expert worked. The court reasoned that ”[i]t was competent for the plaintiff to show, if she could that [the expert] was not disinterested, and ordinarily the fact that [the expert] had been employed and paid by adversary interests to make the examination would be admissible.” Id. Accordingly, “the pecuniary interest of a witness or his prejudice or bias in favor of the parly calling him can always be shown, limited only as to the extent of the inquiry by the sound discretion of the trial judge.” Id. at 464-65. Likewise, in McDaniel v. Pickens, 45 Mass.App.Ct. 63 (1998), the Appeals Court found “a clear right of litigants to attempt to prove bias in derogation of witness’ testimony” exists in malpractice cases. Id. at 66. In McDaniel, the court held that the trial judge acted erroneously when he precluded plaintiff s counsel from cross-examining an expert witness on liability insurance to prove bias. Id. at 66. In pertinent part, the court stated:
Suppose a defendant’s expert in a particular malpractice action has appeared for numerous defendant physicians all insured by one or a group of liability insurers and expects further references from the same sources; a judge may admit such evidence as tending to prove the expert’s biased mindset . . . But where an expert has had no relation to any liability insurer apart from the fact that the defendant’s insurer in the end footed his bill, a judge might decide to limit the cross-examination to exclude reference to the insurance altogether, and so avoid any collateral entanglements . . . The trial judge in the present case acted incautiously when, as per se proposition, without apprehending what the situation might turn out tobe, he excluded all reference to liability insurance that might be offered in proof of an expert’s bias . ...
Id. at 67.
*19 As these cases make clear, the question of whether evidence pertaining to an expert’s relationship with an insurance carrier to prove bias is admissible falls within the trial judge’s sound discretion. Accordingly, it would be improper to decide at the discovery stage whether evidence concerning Walls’ and Aroesty's relationship with Pro Mutual should be excluded. See M. Aschheim Co., Inc., v. Turkanis, 17 Mass.App.Ct. 901, 968 (1983); see also 8 Wright & Miller, Federal Practice & Procedure, §2008 at 99 (1994) (“relevancy” is to be more loosely construed at the discovery stage than at trial). The information revealed by Pro Mutual thus far indicates that both Walls and Aroesty have a substantial history testifying on Pro Mutual’s behalf. This long-standing relationship gives rise to the reasonable inference that the defendant’s experts may harbor bias warranting further explanation. See 8 Wright & Miller, Federal Practice & Procedure, §2015 at 210 (1994) (when information sought is relevant only to show expert’s bias, court should assess likelihood that discovery will produce admissible evidence); see also Da-Silva v. Moore-McCormack Lines, Inc., 47 F.R.D 364 (D.Pa. 1969) (plaintiff entitled to explore relationship of defendant to named medical expert in order to elicit facts that could be used to impeach the credibility of the expert by showing continuous business relationship). For these reasons, the Court ALLOWS the Thomases’ motion to compel designation. In the exercise of this Court’s discretion, the Thomases’ request for attorneys fees and expenses of motion, however, is DENIED. See Mass.R.Civ.P. 37(a)(4).
2. Pro Mutual’s Cross-Motion for a Protective Order
In support of its cross-motion for a protective order, Pro Mutual argues, generally, that other insureds will be prejudiced by the disclosure of information related to Walls or Aerosty’s expert assistance in their cases. In contrast, the Thomases contend that because they do not seek any information about Pro Mutual’s defense of Sarfaty, other than that which is related to the fee arrangement for expert testimony, Pro Mutual’s cross motion should be denied.
The Court agrees with the Thomases. Under Mass.R.Civ.P. 26(c), a showing of “good cause must be made for the issuance of a protective order which ’’justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Mass.R.Civ.P. 26(c). The party seeking a protective order has the burden of demonstrating a particular need for protection. See J.T. Baker Inc. v. Aetna Cas. and Surety Co., 135 F.R.D. 86 (D.N.J. 1989). Broad allegations of harm, unsubstantiated by specific examples, cannot support the issuance of a protective order. Id.; see also G-69 v. Degnan, 130 F.R.D. 326, 331 (D.N.J. 1990), 748 F.Sup. 274 (1990) (party objecting to discovery must demonstrate that a particularized harm is likely to occur).
Pro Mutual has not met its burden in this case. It has not conclusively stated that there are, in fact, pending cases involving other insureds in which Walls or Aroesty has provided assistance. Pro Mutual argues generally that disclosure of information related to pending litigation will prejudice other insureds, but it does not state how those insureds will be negatively affected by such disclosure. Its motion on the basis of confidentiality is therefore premature. See 8 Wright & Miller, Federal Practice & Procedure, §2043 at 557-59 (1994). Moreover, as the Thomases correctly argue, the cases Pro Mutual relies on to support its claim of prejudice are distinguishable; they involve disclosure of the plaintiffs claim file in actions based on 93A violations while the underlying tort claim between the insurer defendant and plaintiff was still pending. See Soares v. LeBlanc, No. SJ-95-0417 (Oct. 23, 1995); Bixby v. Allstate Ins. Co., 1986 Mass.App.Div. 118; Gross v. Liberty Mutual Ins. Co., No. 84-0138; see also Belcher v. Pawtucket Mutual Ins. Co., No. 89-J-673 (Sept. 27, 1989). For these reasons, the court DENIES Pro Mutual’s motion for a protective order.

ORDER

For the foregoing reasons, it is hereby ORDERED that the plaintiffs motion to compel designation is ALLOWED and the plaintiffs request for attorneys fees and expenses is DENIED. It is further ORDERED that the deponent’s cross-motion for a protective order is DENIED.